## DAVIS v. MOORE et al. *

### No. 2131.

Court of Civil Appeals of Texas. Waco.

April 13, 1939.

*For opinion on rehearing see 127 S.W.2d 971.

J. W. Spivey and H. L. Taylor, both of Waco, for appellant.

Willard McLaughlin, F. J. Bauerle, and Leonard Gorin, all of Waco, for appellees.

ALEXANDER, Justice.

Appellees have filed a motion to strike the statement of facts filed herein because same does not purport to be a full and complete statement of facts. The appeal grows out of a will contest in which three separate wills, alleged to have been executed by Lula Davis, deceased, were sought to. be probated by different parties to the suit. Appellant. was the proponent of a will in which he was named as the principal devisee. Appellees were the proponents of the will referred to in the record as the Eli Moore will in which appellees were named as the principal devisees. The Eli Moore will was admitted to probate and the other two wills were denied probate. The purported statement of facts was prepared by the court reporter in question and answer form, but; according to the certificates of the court reporter and of the trial judge approving the same, "does not contain the testimony of all the witnesses but only contains the testimony of such witnesses whose testimony relates to the Eli Moore will." The appeal was by supersedeas bond and no request was made by the appellant to the court reporter to have prepared a full and complete statement of facts. Appellees did not agree to the statement of facts as prepared but objected to the approval and filing of same in the lower court.

Vernon's Annotated Civil Statutes, art. 2239, as amended by Acts 1931, 42nd Leg., 1st C.S., p. 75, ch. 34, sec. 3, provides, in part, as follows: "In case an appeal is taken from the judgment rendered in said cause, such original stenographer's transcript in question and answer form shall be sent up as the report of the testimony therein, the costs of such transcript paid by either party, to be taxed against the party losing such appeal; and (except as herein otherwise provided) no other record of said testimony shall be sent up on appeal; * * *. Provided, further, that the parties may, if they desire, prepare and have filed a statement of facts on appeal which shall be concisely written in narrative form, shall contain only the evidence of facts relating to questions of which review is sought, and shall omit repetitions by same witness, and all

irrelevant parts of writing or written documents introduced in evidence; * * *. Failure to comply substantially with the provisions of this act in the preparation of such statement of facts shall be sufficient ground in the Appellate Court for striking out and not considering such statement of facts."

Under the provisions of said statute, an abbreviated statement of facts containing only the evidence relating to the questions of which review is sought may be filed only by agreement of the parties. Since the parties did not agree to the filing of the purported statement of facts tendered herein, and since it conclusively appears from the certificates thereto that the statement as filed does not contain a complete transcript of all the evidence introduced upon the trial of the case, said purported statement of facts does not meet the requirements of the statute and must be stricken from the record. Pacific Greyhound Lines v. Burgess, Tex.Civ.App., 118 S.W.2d 1100; Victory v. Hamilton, 127 Tex. 203, 209, 91 S.W.2d 697, par. 5.

In this connection, it should be noted that this appeal is by supersedeas bond and not by affidavit of inability to pay costs, and, as a consequence, the provision of Revised Statutes, art. 2241, authorizing the filing of narrative statements of facts in cases appealed without bond, has no application.

The motion to strike the statement of facts is sustained.