**DAVIS v. MOORE et al.**

**No. 2131.**

Court of Civil Appeals of Texas. Waco.

May 4, 1939.

For former opinion, see 126 S.W.2d 1005.

J. W. Spivey and H. L. Taylor, both of Waco, for appellant.

Willard McLaughlin, F. J. Bauerle, and Leonard Gorin, all of Waco, for appellees.

ALEXANDER, Justice.

By motion for rehearing appellant raises the contention that even though the statement of facts as filed is not full and complete, appellee's remedy is not to have same stricken from the record but the burden rests on him to file a correct statement of facts in the lower court and then move to have same substituted in this court in lieu of the one now on file. In support of this contention, appellant cites Sanders Nursery Co. v. J. C. Engelman, 128 Tex. 102, 96 S.

W.2d 68, and Garrison v. Great Southern Life Ins. Co., Tex.Civ.App., 69 S.W.2d 218. In each of the cases cited the statement of facts filed in the Court of Civil Appeals was certified to by the official court reporter and approved by the judge presiding as a true and correct statement of all material facts, and the motion filed by the appellee in the Court of Civil Appeals to strike the statement did not show that the same was not correct or that any material objection would have been made thereto if notice had been given. The sole ground of complaint was that no notice had been given to appellee prior to the approval and filing of the statement of facts in the lower court. It was held in those cases that appellee's remedy, under such circumstances, was to withdraw the statement of facts from the appellate court and cause same to be corrected in the lower court. We think quite a different situation exists in the case here under consideration. In this case there has not been a substantial compliance with the statute as was done in the cases cited. The statement of facts here filed does not purport to be a full and complete statement of all the evidence introduced upon the trial nor does it appear that the abbreviated one was filed by agreement of the parties as is required by statute. Vernon's Ann.Civ.St. art. 2239. Therefore, the cases cited are not controlling. Appellant also cites Perry v. Venable, Tex.Civ.App., 112 S.W.2d 1069. In that case the certificate of the trial judge showed that the statement of facts as filed purported to be only a partial statement of the evidence—that is, only the evidence pertinent to the issues raised by the appeal —and it was there held that the court would consider the statement of facts as filed. It will be noted, however, that in that case no motion was filed to strike the statement of facts. The sole question considered by the court was the effect to be given to the partial statement of facts against which no motion to strike had been filed. The court simply held it would be presumed that the statement contained all evidence pertinent to the questions sought to be reviewed. Consequently, that case is not in point.

It is our holding that where the statement of facts as filed does not purport to have been filed in compliance with the statutes, an appellee is entitled to have same stricken from the record, and he is not relegated to the remedy of himself filing a correct statement of facts in the lower court and then having same substituted in the appellate court in lieu of the incorrect one then on file.

Appellee's motion for rehearing is overruled.