### OSBOURN v. CALLOWAY et al.

### No. 14080.

Court of Civil Appeals of Texas.
Fort Worth.
April 19, 1940.

Oscar Reed, of Fort Worth, for apellant.

Culbertson & Morgan and M. Ward Bailey, all of Fort Worth, for appellee F. E. Deen.

DUNKLIN, Chief Justice.

This suit was instituted by E. W. Osbourn against A. J. Calloway and F. E. Deen, on certain promissory notes executed by defendant Calloway and endorsed by defendant Deen. Both defendants filed pleas of four year limitation. According to allegations in the pleadings of all the parties, the notes show on their face that they had matured more than four years before the suit was instituted. To avoid that show of limitation, plaintiff alleged that the period of limitation pleaded had been tolled by letters of defendants to the holders of the notes, acknowledging the justness of the debt, written subsequently to the maturity of the notes, as provided by Art. 5539, Vernon's Texas Civil Statutes.

The case was tried without a jury, and, as shown by findings of fact and conclusions of law filed by the trial judge, the court overruled defendant Calloway's plea of limitation, because in his letters to plaintiff he had acknowledged the justness of the debt, and upon that finding his plea of limitation was overruled and judgment was rendered for plaintiff against him; from which no appeal has been prosecuted.

But the court further found that defendant F. E. Deen had not by letters to plaintiff acknowledged the justness of the debt, as alleged by plaintiff, and sustained his plea of limitation. Judgment was then rendered denying a recovery against Deen. From that portion of the judgment only, this appeal was taken, and the only assignments of error presented here are to the effect that Deen's letters to plaintiff, appearing in the statement of facts, did show an acknowledgment of the justness of plaintiff's debt and therefore the action against him was not barred.

■ As shown by separate order filed contemporaneously with this opinion, the statement of facts referred to in the assignments was stricken. In the absence of which the presumption must be indulged in favor of the finding to the contrary.

Accordingly the judgment denying plaintiff a recovery against Deen must be affirmed; and that plaintiff's judgment against Calloway must be left undisturbed; and it is so ordered. Affirmed in part and left undisturbed in part.

On Appellees' Motion to Strike Statement of Facts.

Three methods are prescribed by statutes for preparation of a statement of facts to be considered on appeal of a case to the Court of Civil Appeals, namely:

1. An original transcript of the court reporter's notes, in question and answer form, approved by the trial judge, Art. 2238, which shall be the only statement of facts, Art. 2239.

2. In lieu of such a statement of facts, a narrative statement of facts, agreed to by the parties and approved by the trial judge, Art. 2239.

3. If the parties do not agree upon such a narrative statement of facts, or if the judge does not approve the same, and if the party appealing shall then, within the time for filing a statement of facts, present to the judge a statement of facts and shall certify thereon over his signature that to the best of his knowledge and belief it is a full and fair statement of all the facts proved on the trial, it then becomes the duty of the trial judge to prepare the statement of facts.

■ The statement of facts filed here by appellants in this court is not in compliance with the provisions of any of those statutory requirements in this: First, it is not one prepared by the court reporter, in question and answer form, as prescribed in Art. 2238; second, it is in narrative form, prepared by the court reporter, and not agreed to by the parties, as prescribed in Art. 2239; third, nor was it prepared by the judge, under the conditions prescribed in Art. 2240.

For those reasons, the statement of facts filed here cannot be considered by this court as a part of the record on this

appeal; and therefore appellees' motion to strike it must be sustained. Sloan v. Sloan's Adm'r., Tex.Civ.App., 117 S.W. 2d 803; Davis v. Moore, Tex.Civ.App., 126 S.W.2d 1005; Id., Tex.Civ.App., 127 S.W.2d 971, and cases cited.