## HURSEY v. HURSEY.

No. 13223.

Court of Civil Appeals of Texas. Dallas.

Sept. 18, 1942.

Rehearing Denied Oct. 23, 1942.

On Motion for Certiorari Nov. 25, 1942.

Thos. B. Ridgell, G. Ray Lee, and Henry Klepak, all of Dallas, for appellant.

Ellis P. House and Ellis P. House, Jr., both of Dallas, for appellee.

YOUNG, Justice.

This suit involves issues of divorce and property, of which an earlier receivership appeal (147 S.W.2d 968) was ancillary. Eugene S. Hursey, defendant in the trial court, is plaintiff here, though Mrs. Hursey, appellee, presents cross-assignments in reply brief for consideration in due order.

The parties were married in August, 1939, separating a few months thereafter, and the present litigation ensued. Allegations of cruelty as grounds for divorce were made by plaintiff, also by defendant in his cross-action; an additional contention of Mrs. Hursey being that in consideration of marriage, defendant had, by prenuptial agreement, deeded to her certain items of his property, of which deed he had regained custody before recordation; then denying the existence of said instrument and transaction of gift. Plaintiff also claimed a one-half interest in revenues accruing from defendant's separate property (consisting of several apartment houses); attorney's fees in the sum of $2,000; and custody and support of her minor son Sherman, aged nine, who had previously been adopted by the defendant as his own son.

Defendant made specific denial of all property claims asserted by plaintiff, alleging that every item of realty in litigation was his separate estate; that no rents or revenues had accrued therefrom, considering prior liens; praying for affirmative relief (divorce) as the substance of his aforesaid cross-action.

Upon first trial, the jury verdict was set aside and another hearing ordered; the court, at this juncture, appointing a receiver over all the affected property, to collect rentals, control and manage same during pendency of this, the main suit; which interlocutory order we have held a proper one, in view of the district court's broad discretion in matters of divorce. Vernon's Ann.Civ.St. Art. 4636; 147 S. W.2d 968.

The second trial, on which this appeal is predicated, resulted in jury findings, viz: (Issue 1) That defendant, E. S. Hursey, had been guilty of excesses, cruel treatment and outrages toward plaintiff, Helen Hursey, of such nature as to render their further living together insupportable; (Issue 2) that defendant did not execute to plaintiff the deed described in her amended petition prior to their marriage; (Issue 3) that the net earnings from the Hursey property, between August 12, 1939, and date of trial were $4,000; (Issue 4) that plaintiff, Helen Hursey, had not been guilty of the excesses, cruelty and outrages as alleged by defendant in his cross-action. The court, by agreement of the parties, and upon hearing of evidence, fixed appellee's attorney's fees at $2,500; and this amount was assessed against defendant in the judgment as "court costs." See Jacks v. Teague, Tex. Civ.App., 136 S.W.2d 896. Also, in the court's final judgment, plaintiff recovered the sum of $2,000 (one-half of the $4,000 jury finding on community revenues). She was further awarded custody of the minor child, Sherman Hursey, together with an allowance of $25 per month for his support until sixteen years of age. Divorce was granted plaintiff under the jury findings; but similar relief prayed for in defendant's cross-action was denied. The court, in such final rendition, disregarded Issue 2 and the jury answer of no deed; and in conclusions of fact and of law, stated as grounds therefor, that it was without jurisdiction to try the issue, because "same involved the issue of title to the lands and was not a question of establishing and dividing separate and community property and that the matter of title could not be litigated or adjudicated in this suit." (Tr. 132) Pursuant to such ruling and failure to give force to Issue 2, Mrs. Hursey was granted a severance of her claims relative to an alleged deed, and has filed a separate suit against defendant in the dis-

trict court to establish same, which is now pending.

■ ■ Both parties filed motions for new trial, from the judgment as above generally outlined; and so far as their complaints are brought forward in briefs, they may be here summarized. Contentions of appellant Hursey are: (a) The court's error in excluding and not giving effect to jury Issue 2, and the finding that no deed was ever made to Mrs. Hursey; (b) no evidence to support plaintiff's recovery of $2,000 as one-half community revenues; (c) no pleading upon which to predicate attorney's fees of $2,-500, or authority to tax same as costs; (d) error in awarding support for minor child, and in taxing all costs against defendant, including attorney's fees, in view of the undisposed of deed issue. Appellee waives consideration of her cross-assignments, in event the judgment under review is affirmed; otherwise, various charges of jury misconduct are presented, with special reference to illegal testimony heard by them, bearing principally upon Issue 2. A stenographic report of the evidence taken on the hearing of her motion for new trial is a part of this record, properly certified by the official reporter and trial judge. In this connection, no action appears to have been taken on plaintiff's said motion for new trial, nor exception by her, and notice of appeal; the statutory exception and notice (followed by appeal bond) being by defendant only. Objections are accordingly made to such cross-assignments. Relating as they do to matters directly presented by defendant's appeal (Issue 2), we conclude that appellee's cross-points are timely. " * * * cross-assignments by an appellee who has not himself taken an appeal will be considered only in so far as they affect the interest of the appellant, or bear upon matters presented in the appeal." 3 T.J., Appeal and Error-Civil Cases, Sec. 609, p. 873; see, also, Woeltz v. Woeltz, 93 Tex. 548, 57 S.W. 35; Harwell v. Morris, Tex.Civ.App., 143 S.W.2d 809.

■ Appellant's record does not include a statement of facts. We are, therefore, unable to pass upon any of his assignments that require a consideration of the evidence; our investigation being limited to such errors as are apparent upon the face of the record, i. e., the pleadings, verdict and judgment. Art. 1837; Clement v.

First Nat. Bank of Paris, 115 Tex. 342, 282 S.W. 558.

■ Appellant contends that submission of Issue 3, establishing the amount of net earnings from defendant's property between date of marriage and time of trial, was fundamental error, because the period included the aforesaid receivership administration; and no recovery should be allowed against him during the time the property was not in his control, i. e., when in custodia legis. We overrule the point. The issue simply involved an amount of net earnings between specified dates, irrespective of control or receivership; and in absence of a statement of facts, we must assume that the receiver's records were fully in evidence. Moreover, the court made independent findings of fact consistent with said jury verdict; and considering the broad discretion accorded the trial court in both matters of divorce and division of community property, his ruling will not be reviewed on appeal unless an abuse thereof is shown. In other words, the record must establish some division of property that is manifestly unjust and unfair. Arts. 4632, 4638, R.S.; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538; Hamm v. Hamm, Tex. Civ.App., 159 S.W.2d 183. The principle just stated is also a sufficient answer to appellant's complaint that the trial court was not authorized to fix an equitable lien against the property of defendant to secure her recovery of $2,000 (Issue 3). The effect of the recital was merely to make the amount a charge against Hursey's separate estate, until paid. Nor does the failure to describe defendant's property in connection therewith serve to render aforesaid "equitable lien" void; identification of specific property being a matter of proof in whatever equitable proceedings plaintiff may hereafter institute for enforcement of this community claim.

■ However, it is obvious from the transcript that the $2,500 judgment for attorney's fees is excessive to the extent of $500. Plaintiff's own pleading fixes $2,000 as the maximum fee prayed for; and any recovery in excess of that sum, though supported by evidence, cannot be sustained; Art. 2211, Vernon's Civ.St.; Hartford Accident & Indemnity Co. v. Moore, Tex.Civ.App., 102 S.W.2d 441.

No appeal has been taken by either party to the court's entry of divorce, and the decree in this respect is final.

■■ The trial court disregarded jury finding No. 2, thus relegating plaintiff's claim of deed to another trial, on the ground that inclusion of such issue was violative of Art. 4638, R.S., prohibiting divesture of title to real estate in a·divorce action. In his reasoning, the trial court was incorrect, for when the divorce court's jurisdiction is invoked to determine property rights between husband and wife (as was done here by Mrs. Hursey), they became a part of the "very divorce action itself." Scott v. Scott, 133 Tex. 1, 123 S.W.2d 306, 313. The inquiry in question was as to a deed purportedly executed and delivered by defendant in July, 1939. If such instrument existed, the realty described therein belonged to appellant; otherwise, same remained separately owned by the husband; and the statute was nowise infringed by a jury finding either way. The court's mistaken reasoning was doubtless due to the insistence of appellant, for, by special exceptions and objections to the court's charge, defendant had consistently urged lack of jurisdiction to try the issue of deed. If so, appellant cannot now argue that the particular finding should have been given effect, for the error—though fundamental—was invited. Angelina County Lumber Co. v. Mast, Tex.Civ.App., 208 S.W. 360; Overton v. Ragland, Tex.Civ. App., 54 S.W.2d 240.

■ However, if the judgment under review be correct for reasons other than given by the trial court, it should be affirmed. Wheeler v. Haralson, 128 Tex. 429, 99 S.W.2d 885; 3 Tex.Jur., Appeal and Error, Sec. 792, p. 1129. Notwithstanding the fact that Issue 2 was properly an element of the instant suit, it was not indispensable to the divorce entry; if omitted, becoming an issue for later determination. Likewise, if in this case, the jury be guilty of misconduct in disposing of Issue 2, a retrial should be ordered in all matters involved in the particular claim. Turning to the stenographic record of proceedings on plaintiff's motion for new trial, three jurors testified that Issue 2, involving deed, was long debated, their deliberations extending into the second day; that during the session, a juror procured from an outside source a pur-

ported definition of deed, an element of said spurious definition being that the instrument must be recorded; Mr. Trotter, one of the panel, stating that such information materially affected his vote on the question. The two jurors whose testimony was presented by defendant in rebuttal were not questioned on the incident; and the fact that same occurred and was considered by some of the jurymen, at least, in disposing of the issue, appears uncontroverted. That such a transaction invalidates the finding to which it relates is obvious. Illegal testimony was thereby received, resulting in proven misconduct. Art. 2234 R.S.; City of Amarillo v. Huddleston, 137 Tex. 226, 152 S.W. 2d 1088, Syl. 5. Thus the court's action in remanding the issue of prenuptial deed for another trial was proper under the whole record; and it follows that a correct judgment should be affirmed, despite the recital of an erroneous predicate therefor. 3 Tex.Jur., Appeal and Error, supra.

▇ The parties having heretofore been remitted to a new trial on all matters affected by the jury misconduct just discussed, the judgment appealed from is affirmed, except that, the item of attorney's fees will be reduced to the amount of $2,000, as fixed in appellee's pleading. Said fee of $2,000 should not be taxed or collected as "court costs"; but shall constitute a recovery by plaintiff, Mrs. Hursey, against defendant, as an expense necessarily incident to divorce litigation. Jacks v. Teague, supra; Robbins v. Robbins, Tex.Civ.App., 125 S.W.2d 666.

▇ In view of the confused state of the record regarding the issue of deed, it is ordered that the trial court decree of July 1, 1941, granting a severance of same from the remainder of this suit, be set aside and the plea of intervention filed pursuant thereto be dismissed; that said issue be again tried upon appropriate pleading as a severable but undisposed of part of plaintiff's original cause of action. (Texas Rules of Civil Procedure. Rule No. 434, old 62a); and that the award of attorney's fees herein be considered as in full of all legal services due appellee and incident to her suit for divorce and property.

The judgment herein is reformed as above indicated, and as reformed is af-

firmed; costs of appeal taxed equally between the parties.

Reformed and affirmed.

BOND, Chief Justice (dissenting).

The opinion by the majority in affirming the judgment of the trial court in disregarding the verdict of the jury (Issue 2) "That defendant did not execute to plaintiff the deed described in her amended petition prior to her marriage" finds, in my opinion, no support in law or reason. The exercise of power by a court to strike down jury verdicts on material controversial issues in suit, because, forsooth, they are unfavorable to the contention of one of the parties in litigation, severing and dismissing the issues and then rendering judgment on the remaining controversial issues, is beyond judicial sanction.

As related in the majority opinion, the plaintiff, Mrs. Hursey, instituted this suit for divorce and for specific property listed in the name of her husband, claiming therein a community interest in the sum of $4,-000, and a separate estate in four apartment houses. These were the primary controversial issues involved in this suit. She contends that the community property was derived from rents and revenues from her husband's separate estate during their marriage, which had been "commingled and intermingled in his separate property or has been retained in his possession"; and that the four apartment houses described in her petition were her separate property, acquired upon consideration of marriage.

In plaintiff's petition, she alleges that in June, 1939, "The defendant repeatedly made * * * proposition to the effect that if the plaintiff would surrender her position with the Fowler Home for Children and Aged, as Matron, and give up the opportunities there, in reach of her, for the benefit of both herself and the child and marry the defendant, that defendant would * * * convey to her the property described as follows: (Here follows description of the two apartment houses.) Defendant further advised plaintiff that there were some encumbrances * * * against each apartment, and against Lots 439 and 334, but that he would immediately upon her marrying him, pay off the encumbrances against said properties, * * * and that said conveyance * * * would make said property the separate and individual property and estate of the plaintiff,

and that the defendant would, * * * in consideration of her marrying this defendant, * * * immediately deliver possession to the plaintiff, all of said properties, * * *." Plaintiff further alleges that she finally "accepted his proposition in good faith, on or about July 1939, and relied upon the truth of defendant's statements and agreed to and did enter into a contract to the effect that for and in consideration of plaintiff marrying the defendant, that the defendant would, * * * convey to her the above described property * * *; that she believed and relied upon the same, and that the defendant knew that she believed and relied upon the same, and but for said representations and statements, on the part of the defendant, that he would convey said properties to this plaintiff, for the consideration above set out, including that of marriage, she would not have married the defendant." Plaintiff further alleges "that shortly after consummating said verbal agreement and on or about July, 1939, the defendant exhibited to this plaintiff, and delivered to this plaintiff, a contract and conveyance in writing, duly signed, acknowledged and witnessed, under the terms of which, * * * the defendant in consideration of marriage to the plaintiff, conveyed the above described property to this plaintiff. * * * that after the delivery * * * defendant took the plaintiff, on or about July or early August to the properties above described, and each of them, and delivered the possession of said properties to this plaintiff, which possession this plaintiff has held from then until now, and still holds possession of said properties, and has never surrendered them at any time to the defendant or anyone else. * * * that shortly thereafter, in compliance with her contract and agreement with the defendant, she did on or about the 12th day of August, A.D. 1931, marry the defendant in Collin County, Texas; from and after such date the defendant has admitted and recognized said conveyance of properties, up until about the time, or just prior to the bringing of this suit * * * that some time after said marriage and prior to the filing of this suit, the defendant asked this plaintiff for the deed, or written memorandum, which contained a description of all the properties therein described, advising this plaintiff that he was taking them to his attorney so that this attorney might draw a deed conveying each separate piece of property, instead of having it deeded all in one deed; * * *."

Plaintiff's prayer is for divorce, care and custody of her child, support and maintenance of herself and child pending suit, for title and possession of her property perforce of the alleged contract, for her right, title and interest in the community, and for a lien on all separate properties of the defendant (without further description) for the amount of the community rents and revenues which were commingled and intermingled in his separate property, for $2,000 attorney's fee and for the appointment of a receiver to take charge of all the properties of defendant.

The defendant, Eugene S. Hursey, answered by general demurrer and denial, numerous special exceptions and pleadings, among which was the statute of frauds, and demurred to the jurisdiction of the court to entertain plaintiff's pleadings as to the execution and delivery of the contract or deed. Other than the divorce, which each party sought, all the issues in the suit were properly joined. The jury determined the issues.

In due time, plaintiff and defendant each filed motions for judgment. Whereupon, the court, on Feberuary 8, 1941, entered judgment in conformity with, in all respects, the jury's verdict, denying plaintiff recovery on the alleged contract or deed, and vested title to the apartment houses in the defendant. On February 9, 1941, the defendant, Eugene S. Hursey, filed motion for new trial, which was by the court overruled, exception duly made and entered of record; and then, too, notwithstanding the verdict of the jury (Issue 2) "That defendant did not execute to plaintiff the deed described in her amended petition," and without motion or suggestion from either party to the suit, but over the protest of each of the parties, the trial court refused to enter judgment on the above issue, severed the issue and dismissed it from the suit, and thereafter entered judgment on the remaining issues favorable to the plaintiff.

On March 31, 1941, the plaintiff, Mrs. Hursey, filed motion for new trial, assigning numerous errors, among which are: (Assignment 7) "Because the judgment is contrary to the findings of the jury in that it disregards Special Issue No. 2"; (Assignment 10) "Because the court erred in not submitting to the jury the issue of how much of plaintiff's community money or property had been used by the defendant in payment * * * on mortgage liens on

defendant's personal and real property, and/or either or both"; (Assignment 11) "Because the court erred in not permitting the plaintiff to prove what disposition the defendant made of the rents and revenues from the separate property or real estate of the defendant from the time of plaintiff's and defendant's marriage to the date of trial, same being necessary in order to show whether plaintiff was entitled to a lien, both legal and equitable, or either, to secure plaintiff in such amount, if any, as defendant used in paying on mortgage liens on defendant's separate property, both personal and real, or either"; (Assignment 36) "Because the misconduct of some of the jurors in violating the court's charge and their oath as jurors, in that they ignored the evidence as given upon the trial of said cause and undertook to make findings that would compel the court to enter such judgment as the juror sought to have entered as a result of that trade particularly as to Special Issues Nos. 2 and 3, some of the jurors believing that the deed alleged by plaintiff had been made, executed and delivered, while others did not believe that the deeds had been made and delivered but answered Special Issue No. 2, 'No, there was no deed,' in consideration of other jurors agreeing to answer Special Issue No. 3, as $4,000"; (Assignment 39) "Because it was specially agreed between a part of the jury less than twelve that if the remaining portion of the jury would answer Special Issue No. 2 'No' that the remaining portion less than twelve would answer Special Issue No. 3 setting the amount of community property as Four Thousand Dollars ($4,000) thereby trading answer to Special Issue No. Two 'No' for answer to Special Issue No. 3 as Four Thousand Dollars ($4,000)"; (Assignment 42) "Because the jury received outside written instruments or definitions not given by the court but brought into the jury room without the knowledge of plaintiff and without the knowledge or consent of the court or plaintiff's counsel said written instrument being a purported instruction or definition as to what constituted a legal deed."; (Assignment 45) "Because some members of the jury urged the 'written definition as to what constituted, according to some dictionary or individual who prepared same, a legal deed' as evidence as to why some of the jurors ought to change and vote to answer Special Issue No. 2 'No' because the plaintiff had not proven, even if the deed was made and de-livered, that it came within the legal definition as to what was a legal deed"; (Assignment 46) "Because said evidence 'a written definition as to what constituted according to some dictionary or individual, a legal deed,' influenced some of the jurors and caused their answers to be changed from 'Yes' to 'No' to Special Issue No. 2, and was a violation of the court's charge"; (Assignment 54) "The court erred in entering in its judgment the paragraph with reference to Special Issue 2 and holding that it was not a material issue in the case; and in effect dismissing plaintiff's suit for her separate estate of realty as sued for by plaintiff and described in her pleading in this cause"; (Assignment 55) "The court erred in dividing plaintiff's suit for property in that it attempted to dispose of the community property issue or personal property issue and did not dispose of the realty; did not find nor decree which realty was the separate property of either party"; and in many other assignments, plaintiff embodied complaint of the action of the court in refusing to enter judgment on Special Issue No. 2, and assigns misconduct of the jury in arriving at the verdict.

It will be observed from the record that no action was taken by the trial court on Mrs. Hursey's said motion for new trial, hence all assignments therein were waived and should not, in appellee's brief, become the basis for any cross-assignment on the part of plaintiff on this appeal. The motion could serve, and is here related, only to show the protest of appellee herself to the action of the court in arbitrarily rendering the judgment deleting the findings of the jury on the issue of the execution of the contract or deed raised in pleadings and proof.

In due time, on motion of the defendant, the trial court filed findings of fact and conclusions of law, among which the court found (1) that plaintiff is entitled to judgment against defendant for community property in the sum of $2,000, and a lien against all the property of the defendant to secure said $2,000, without describing any specific property on which the lien may attach; and (2) the court refused to enter any judgment upon the matter of the deed, refused to include same in the judgment and excluded same, for the sole reason "that the court believed that same involved the issue of title to the lands and was not a question of establishing and dividing separate and community property

and that the matter of title could not be litigated or adjudicated in this suit"; and further that "the court was without jurisdiction to try and determine the matter of the execution and delivery and redelivery of the deed, since same involved title."

In the light of the above disclosures the majority opinion holds to the effect that the trial court had broad discretion in the division of community property and in fixing equitable liens against property of the defendant, thus affirming the judgment of the trial court in fixing a lien on all the property of the defendant, without disclosing the kind and character of the property, real or personal, and without pleadings, as above recited, to encumber any specific property with such liens. The majority opinion says "the failure to describe defendant's property in connection therewith serves to render aforesaid 'equitable lien' void; identification of specific property being a matter of proof in whatever equitable proceedings plaintiff *may hereafter institute for enforcement of this community claim.*" (Italics mine.) Hence, eliminating the lien from the suit, with suggestion that "plaintiff may hereafter institute (suit) for enforcement of this community claim."

In all appealable actions there must be a final judgment on all material controversial issues. Either the plaintiff has a lien, or she has not a lien, and such being a controversial issue, it should be determined in this action, otherwise the lien is lost. Under the pleadings and record reflected in the majority opinion, plaintiff has not alleged a lien on any specific property of the defendant, therefore, in my judgment, no general lien against the entire estate of the defendant exists; it should have been so determined here, rather than by a subsequent suit, as suggested and expressly determined by the majority.

Further, the majority holds that the action of the court in refusing to include in its judgment the finding of the jury that defendant did not execute a deed to the four apartment houses to the plaintiff, and dismissing the issue after favorable findings of the jury, was a proper exercise of that court's jurisdiction, although the trial court assigned improper reasons therefor, thus affirming the judgment of the trial court solely on appellee's purported cross-assignments of misconduct of the jury in receiving illegal testimony; and that, too, based upon appellant's motion for a new trial, which was never acted upon by the trial court.

It is well settled in this state that a motion for new trial on which no action appears to have been taken, nor the attention of the trial court called to it, will be considered waived, hence any cross-assignment, without reserving proper exceptions to the rulings of the court, unless fundamental error, cannot be considered. Garitty et al. v. Halbert, Mayor, et al., Tex. Civ.App., 235 S.W. 231; Gloor v. Allen, 47 Tex.Civ.App. 519, 105 S.W. 539. The misconduct of the jury in receiving illegal testimony, raised in appellee's motion for a new trial, should not be considered on appeal in absence of the disposition of appellee's motion by the trial court, or bill of exception taken to the action of the court. Appellee is not entitled to a consideration of her cross-assignment complaining of misconduct of the jury, where such alleged error is raised only in appellee's motion for new trial. Gulf, C. & S. F. R. Co. v. Larkin, Tex.Civ.App., 80 S.W. 94; Id., 98 Tex. 225, 82 S.W. 1026, 1 L.R.A.,N.S., 944.

In Garitty v. Halbert, supra [235 S.W. 235], this court said: "Acts of 1913, p. 276, § 1, amending article 1612, Revised Statutes 1911 (Vernon's Sayles' Ann.Civ. St.1914, art. 1612 [Vernon's Ann.Civ.St. 1844]), relating to assignments of error, provides that—'An assignment shall be sufficient which directs the attention of the court to the error complained of.' In order to perfect the appeal in this case, it was not necessary for a motion for new trial to be presented and acted upon by the trial court and, where it is not necessary to file motion for new trial, assignments of error can be filed in the trial court and brought up in the transcript. See Cornelius v. Harris [Tex.Civ.App.], 163 S.W. 346. It is true that, in so far as disclosed by the record, appellees did not reserve proper exceptions to the rulings of the court complained of in cross-assignments. This presents the most serious phase of the objection to such assignments being considered, and but for the fact that on careful investigation of the law applicable to such proceedings we have reached the conclusion that cross-assignments of error Nos. 1, 2, 3, 7, and 8 present fundamental error, same would not be considered, and the other cross-assignments, not presenting such error, will not be considered, and to that extent appellants' objections thereto

770

·will be sustained." In Gloor v. Allen, supra [47 Tex.Civ.App. 519, 105 S.W. 542], the court said: "Appellee has presented in his brief a cross-assignment of error under which he contends that the court erred in not rendering judgment for him for more than $3,000, and in not allowing him interest from the time he filed his suit. He failed to except to the judgment or otherwise preserve the questions which he now seeks to have decided; and, for this reason, we hold that he has waived the points referred to, and is not entitled to have his cross-assignment of error considered." In Gulf, C. & S. F. R. Co. v. Larkin, supra [80 S.W. 95], the court said: "Appellee has a cross-assignment of error complaining of the verdict as not awarding him adequate compensation for the injury sustained. The record shows that he raised the point referred to by a motion for new trial, but does not show that the motion was called to the attention of, or acted upon by, the trial court. Nor did the plaintiff perfect an appeal. This being the condition of the record, and finding no reversible error in the appeal prosecuted by the defendant, the plaintiff is not entitled to have the case reversed, though the verdict be inadequate." So, in this case, manifestly, under the authorities, the action of the trial court should not be affirmed, either for the reason assigned by that court, or because of alleged misconduct of the jury raised only in appellee's motion for new trial, not acted on by the trial court or brought up by bills of exception. In my opinion, a judgment should here be rendered, in conformity to the verdict of the jury, on the issue of no contract or deed in favor of the defendant.

The majority justifies its conclusion of affirmance on a purported statement of facts, showing alleged misconduct of the jury. The testimony recited, not shown by bill of exception taken to some action of the court on motion for new trial, is not available as the basis for the cross-assignment, particularly so where no assignment on the issue is raised by the appellant. Texas & P. R. Co. v. Tucker, Tex.Civ.App., 183 S.W. 1188; Robinson v. Shockley, Tex. Civ.App., 266 S.W. 420. It is settled in this state that the appeal by appellant does not give the court jurisdiction to consider cross-assignments by appellee who has not himself taken an appeal. Cross-assignments will be considered only in so far as they affect the interests of the appellant or bear upon matters presented in the ap-

peal. The failure to perfect an appeal by appellee constitutes a waiver of the right to have the court pass upon an error alleged by cross-assignment.

Furthermore, the purported statement of facts, if it could be considered by this court, showing the alleged misconduct of the jury, was not in compliance with the statutory requirements, was not filed by appellant as a part of the record on appeal, but was subsequently filed by appellee without notice or order from this court. In due time, appellant filed motion to strike the statement of facts on the ground (1) that he had no notice of the filing; (2) that it did not contain a true statement of the facts offered, (3) that it did not comply with the requirements of law, and (4) that it was not presented to appellant or his attorney before filing. This court overruled appellant's motion. He again, on motion for rehearing, presents the assignments. After further consideration, I am convinced that this court erred in refusing to strike the statement of facts from the record on appeal: Where a statement of facts does not comply with the statutory requirements, it shall not be considered by the Court of Civil Appeals as a part of the record on appeal, and on motion, the court must strike the statement of facts. Osbourn v. Calloway, Tex.Civ.App., 139 S.W.2d 834; Corbett v. Raymondville Ind. School Dist., Tex.Civ.App., 52 S.W.2d 1116. In the last-cited case (Corbett v. Raymondville Ind. School Dist.), the recited notice of the filing of the statement of facts was not given to the adverse parties, and it did not conform to the law. Art. 2238, R.S.1925, as amended Vernon's Ann.Civ.St. art. 2238. In that case, the San Antonio Court of Appeals said: "In such case this court has no alternative but to disregard that transcript and strike it from the record." So, in the case here, the recital of the judge's certificate shows merely that "the above and foregoing record, having been certified by the Official Reporter, and having been examined by me and found correct, the same is hereby approved and ordered filed as the statement of facts in this cause on motion for new trial, this the 5 day of July, A. D. 1941." On the cover leaf, the date of filing in the trial court is shown "July 5 (12:01 p. m.) 1941."; and in this court, "July 5, 1941". Manifestly, from the record here presented, appellant had no notice, as required by law, to inspect the statement of facts. It was approved by the trial court

and filed in this court without ever having been presented to appellant. Clearly, appellant's motion to strike the statement of facts from the records should have been sustained, if it could otherwise be considered as the basis for appellee's cross-assignment.

Then, too, this appeal reaches this court without a statement of facts, hence it cannot, for that reason, be determined that a reversible error is presented by appellee's cross-assignment that the jury received illegal testimony. The trial court did not pass on the issue, and, so far as this court knows, all the matters complained of in the cross-assignment were offered in evidence on the trial of the cause. It has been repeatedly held in this state that it is not error or misconduct of the jury to inspect documents not offered in evidence, but testified to by witnesses without objections. In Fields v. Haley, Tex.Civ.App., 52 S.W. 115, 116, error was assigned in refusing a new trial, for reason that the jury, while out, sent for and obtained a book. Evidence on the trial was given concerning the book and the entries therein. The San Antonio Court of Appeals said: "It is nowhere shown that the books contained any other matters, or matters prejudicial to plaintiff. Under these circumstances, the ruling of the court in overruling the motion setting up this ground for new trial will not be disturbed." So in the case at bar, there is no evidence that the dictionary definition of a deed was not testified to in the trial of the case, and certainly it was not prejudicial on the issue, as submitted by the trial court: (Issue 2) "Do you find and believe from a preponderance of the evidence that defendant, Eugene S. Hursey, executed and delivered to plaintiff Helen Hursey, the deed described in plaintiff's amended petition prior to their marriage?" The plaintiff alleged a delivery of the deed described in her petition, and we may well assume that evidence was offered as to the delivery, else the trial court would not have submitted the issue, then, I ask the question, How could the plaintiff be prejudiced by a definition of a deed from some dictionary taken into the jury room? There was no reversible error, if, in fact, it could be said that the alleged error of misconduct of the jury in receiving and discussing matters outside the issues is properly presented.

Furthermore, it will be observed from plaintiff's pleadings that the contract or deed sought to be enforced by Mrs. Hursey was executed and delivered upon consideration of marriage. Our statute of fraud, Art. 3995, Vernon's Ann.Civ.St., provides that no action shall be brought "3. To charge any person upon any agreement made upon consideration of marriage"; and it might well be said that it is against public policy of this state to barter and sell the social institution of marriage, a sacred status in all Christian countries, at the auction block for gold, as is alleged to have been done in this case.

I am in accord only with the majority opinion in affirming the judgment for divorce, and, under the record, the decree awarding $2,000 attorney fee; but respectfully register my dissent in the affirmance of the action of the trial court in reversing and dismissing the issue as to the contract and deed, and the $2,000 community property with lien on the entire estate of the defendant; judgment should have been rendered in favor of the defendant for the two apartment houses and that no lien shall exist in favor of the appellee as security for the alleged community.

### On Motion for Certiorari.

YOUNG, Justice.

Appellee's motion to certiorari the record is authorized by Rule No. 428, Texas Rules of Procedure; coming as it did on the same day that appellant filed in this court his application for writ of error. We think that our jurisdiction to perfect the record for inspection of the Supreme Court continues at least, until such time as that court may decide to assume full jurisdiction by favorable action on appellant's application, i. e., grant a writ of error. If we be mistaken in this, our Supreme Court is empowered by the same Rule (428) to direct the record to be thus supplemented in the interest of a complete and accurate transcript, touching admittedly material issues in this cause.

BOND, Chief Justice (dissenting).

I am not in accord with the action of the majority in sustaining appellee's motion for writ of certiorari to bring up a belated nunc pro tunc order of the trial court, showing that appellee's motion for a new trial was presented to the court and by it over-

ruled, appellee excepted and gave notice of appeal to this court, for the following reasons: (1) This court is without jurisdiction to entertain such motion; and (2) appellee is guilty of gross laches in not calling the matter to the attention of this court before the opinion by this court was handed down, motion for rehearing overruled, the judgment final, and the Supreme Court acquired jurisdiction of appellant's application for writ of error.

The record shows that the opinion of this court was handed down on September 18, 1942; appellant's motion for rehearing overruled on October 23, 1942, and the judgment of this court became final and jurisdiction lost when appellant filed his application for writ of error on November 20, 1942. Appellee's belated motion to amend the record on this appeal by the nunc pro tunc order of the trial court was filed after the Supreme Court was clothed with jurisdiction of this cause, hence it alone has the power to entertain the belated motion to amend the record. This court has lost jurisdiction of the cause.

It is settled in this state that the jurisdiction of the Supreme Court attaches when the application for writ of error is filed with the Court of Civil Appeals to which the application is directed. The rule is stated in 3 Tex.Jur., 367, Sec. 261 (citing many authorities): "Perfection of an appeal transfers the entire controversy to the appellate court, and clothes it with plenary exclusive jurisdiction over the entire controversy, both as to the parties and the subject matter * * * In other words a suit is pending in the reviewing court immediately upon perfection of the appeal, though active jurisdiction for the purpose of adjudicating the case does not attach until compliance with the requirements as to filing transcript, and serving the citation in error."

Furthermore, aside from the patent jurisdictional question, appellee's belated motion to amend the record should not, because of laches, be entertained by this court. The opinion of the majority and the dissent thereto each recites the fact that ap-

pellee's motion for new trial was never called to the attention of the trial court and was never acted upon by the judge thereof. Appellee's attention was also called to such failure in brief of appellant in argument of counsel before this court, and in appellant's motion for rehearing. It will be observed that the opinion of the majority bases its action in affirming the conclusion of the trial court in disregarding the findings of the jury "that there was no deed"—a material issue in this case—on appellee's motion for a new trial notwithstanding the record revealed that the trial court took no action on the motion. Now it appears from the belated nunc pro tunc order made by the trial court after this court had lost jurisdiction of the appeal, that appellee's motion for new trial was in fact, overruled, and appellee gave notice of appeal to this court.

The issue of misconduct of the jury was a controversial issue: The testimony offered on appellee's motion for new trial was controverted, from which the trial court could reasonably have drawn its own conclusion. If the trial court passed on the evidence and overruled appellee's motion, as reflected in the trial court's belated nunc pro tunc order, then clearly the trial court found that there was no misconduct, which conclusion is binding upon this court. Such finding undermines the majority opinion and magnifies the error in affirming the conclusion of the trial court on the issue of misconduct of the jury, when now it appears that the trial court (conceding the nunc pro tunc order is based on the record) finds there was no misconduct.

In all fairness to this appeal, the belated motion to amend the record should be denied, and this appeal determined from the record as submitted to this court and upon which its opinion and judgment are based. Appellee should not be permitted to say the trial court erred in overruling her motion for new trial, and seek a retrial of the issues, and on appeal, take an inconsistent position, seeking affirmance on the same ground.

I respectfully register my dissent.