SMITH v. SMITH.

No. 14677.

Court of Civil Appeals of Texas.
Fort Worth.

March 23, 1945.

J. J. Fagan and George W. Harwood, both of Dallas, for appellant.

H. S. Lattimore, of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff Garland Smith filed suit against his wife Lessie Smith for divorce and obtained under that petition a temporary restraining order preventing her from returning to or molesting the premises which had previously been their home and from doing personal harm to plaintiff's mother who resided in the home.

Defendant Lessie Smith denied all of plaintiff's alleged grounds for divorce and the asserted facts under which he procured the restraining order. She filed a cross action against plaintiff for divorce and sought a judgment against him for funds paid on an indebtedness against plaintiff's separate real estate and for her half of community funds paid thereon which payments enhanced the value of the real estate to a specified amount. She interpleaded

Patsy Smith, the daughter of plaintiff, alleging that she was asserting some sort of claim to the land. She also interpleaded the bondsmen of plaintiff on the restraining order bond and sought judgment against plaintiff for damages arising from the wrongful issuance of the writ and against plaintiff alone for attorney's fees.

Trial was to a jury on special issues. The verdict in effect was: (1) Lessie Smith was not guilty of the things alleged by Garland Smith as grounds for divorce. (2) Garland Smith was guilty of the grounds alleged by Lessie Smith in her cross action for divorce. (3) It was just and right for Lessie Smith to have possession of the 55 acre farm as a home. (4) The duration of that possession and use by Lessie Smith should be so long as she remained single, not to exceed ten years. (5) Garland Smith had executed and delivered to Patsy Smith a deed to the 55 acres prior to the marriage of plaintiff and defendant. (6) Lessie Smith had paid $100 out of her separate funds on the indebtedness against the 55 acres of land, and it has not been repaid to her. (8) The value of the 55 acres has been enhanced $1000 by the expenditure of community funds during the marriage relation. (9 and 10) Lessie Smith was damaged by the issuance and service of the writ under the temporary restraining order in the sum of $100. (11) A reasonable attorney fee for services rendered to Lessie Smith was $250.

The court entered judgment for Lessie Smith on the jury verdict. The court found by the judgment that all parties, including the interpleaded parties, appeared and announced ready for trial. That Garland Smith and Lessie Smith were duly married and moved on to the 55 acre farm in July 1942 with the intent to make it their homestead. That said land was the separate property of Garland Smith and that he had previously deeded said land to his daughter Patsy Smith with a provision in the conveyance that it should not become absolute until the daughter was 42 years of age; that the daughter was 24 years old at the date of trial; that under the circumstances Patsy Smith is not entitled to any right of possession until more than ten years from the date of the judgment; that it appears to the court just and right that Lessie Smith should have the exclusive use and occupancy of the premises for a period of ten years, and that Gar-

land Smith and Lessie Smith owned $150 worth of Defense Bonds; that the evidence is full and saisfactory for the judgment herein rendered.

It was decreed that Lessie Smith be divorced from Garland Smith; that Lessie Smith recover of and from Garland Smith and his interpleaded sureties damages of $100 for the wrongful issuance of the writ under the temporary restraining order. The exclusive use and possession of the 55 acre tract of land was awarded to Lessie Smith.

It was further decreed that Lessie Smith recover of Garland Smith $580, fixing a lien on the land to secure its payment as against Garland Smith and Patsy Smith, and ordering the lien foreclosed and the land sold as under execution. There was further recovery by Lessie Smith against Garland Smith of $250 as attorney's fees in her behalf. Interest at six per cent per annum from date of the judgment on each item was allowed. There was a further recovery of certain household effects about which there seems to be no controversy.

Garland Smith alone moved for new trial, and when overruled he excepted, gave notice of and perfected this appeal by filing his bond; no supersedeas bond was filed. Garland Smith is appellant and Lessie Smith is appellee.

We pause just here to say that subsequent to the filing in this cause of the record of the proceedings below, appellee has asked to be allowed to file what she terms a supplemental transcript. The supplement accompanied the motion and was ordered filed. The substance of the supplemental transcript is a certified copy of an execution and the officer's return thereon, issued out of the trial court subsequent to the date on which the motion for new trial was overruled and prior to filing the appeal bond. The execution recites the three items of $100, $250 and $580, making up the judgment recovered by appellee. The officer to whom it was addressed was commanded to levy upon the goods and chattels of Garland Smith and cause to be made the sum of $100. The same language is used in the instrument to the officer, relative to making the sum of $580. These are two of the items in the judgment. Nothing is said in the order to the officer concerning the item of $250 awarded as attorney's fees. The return indicates that all requisites of law had been complied with and that, by virtue of the execu-

tion, he levied upon and sold the 55 acres of land to Lessie Lola Smith (appellee), she being the highest bidder, for $250. Appellee contends here that such execution, levy and sale has rendered moot "most of the points of error, alleged by appellant." But in view of the nature of appellant's points of error, we are unwilling to say they have become moot; under the circumstances. Five out of the nine points of error relied upon, in one way or another, raise the question of appellant's homestead, and the right of the court to fix a lien on it to secure the repayment to appellee in reimbursement to her for funds to which she may have been entitled. Appellant is apparently serious in his contentions of the homestead rights. If the land was his homestead the levy of the execution thereon would be subject to attack. It is contended by appellee that the execution was issued and levied to satisfy only $350 of the money judgment, which items were not secured by the lien fixed by the court, and that the question of whether or not it was error for the court to fix a lien on the 55 acres to secure the $580 has become immaterial on this appeal. We have concluded that we will consider appellant's grounds of appeal but will express no opinion as to the effect of the levy and sale.

Both of the principal actors in this case wanted a divorce; they got it and neither is dissatisfied with it. The appeal bond indicates that appellant does not appeal from the order granting the divorce. His complaints are only as to the judgment concerning the property interests of the parties.

■ First point of error complains because the court found that Patsy Smith was not entitled to any right or possession of the land until more than ten years after the date of the judgment (the period in which it was conditionally awarded to appellee). The point as presented by appellant must be overruled for the reason Patsy Smith has not appealed from the judgment entered and appellant may not assign error in her behalf.

■ Error is assigned in the second point because the court abused its discretionary power in awarding to appellee the use and occupancy of the farm for a period of ten years. This record is replete with evidence that appellee was a woman 45 years of age and did not enjoy good health, that both she and the doctor who examined her thought she was tubercular. She was able to work and did work occasionally at various jobs. She had no means of any consequence, and no home other than the farm where she and appellant had lived. Appellant appears to have been a strong robust man able and willing to work. He owned a very limited amount of personal property. Some time prior to their marriage appellant had borrowed $1000 and placed a lien on the land as security; this debt was unpaid when they married. Appellant had deeded the land to his daughter the day before the parties were married, conditioned as above mentioned. He did not convey to his daughter the absolute title and possession, but clearly reserved the use and occupancy of the land to himself until the daughter became 42 years of age; he therefore owned a certain right and interest in the farm. Under the provisions of Article 4638, the court had the authority to make such disposition of the property as he deemed just and right, but could not divest either spouse of title to real estate. The court has a very broad discretion in such matters and unless that discretion is abused, his acts will not be disturbed. Barry v. Barry, Tex.Civ.App., 162 S.W.2d 440; Hursey v. Hursey, Tex.Civ.App., 165 S.W. 2d 761. Under this statute, the court may award the use of the homestead to the wife, even though it be the separate property of the husband. McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296. There are many cases to the same effect of those cited, some of which are cited by appellee, but we pretermit naming them. We see no abuse of discretion by the court and the point is overruled.

Third, fourth and eighth points may be discussed together as they relate, in the main, to the same subject matter. They are substantially: (3) Error of the court in entering judgment for appellee against appellant for $580 and fixing a lien on the 55 acres of land to secure its payment; (4) error in ordering the foreclosure of a lien on the 55 acres of land (the homestead of appellant) for reimbursement of appellee for the separate and community funds expended thereon; and (8) error in ordering foreclosure of the fixed lien on the 55 acres which would result in divesting title out of appellant in violation of Article 4638, R.C.S.

■ It is the universally settled rule of law in this state that on dissolution of the

marital relation, if the property rights of the interested parties are involved, as in this case, and one has contributed separate funds, or community funds have been applied to the enhancement of the value of the separate property of the other, reimbursement is required. However, it is not the rule that such reimbursement must be made in kind or even to the full extent of such contribution or use of community funds, but in the proportion the contribution or application of community funds bears to the total enhancement occasioned thereby. Cleveland v. Cole, 65 Tex. 402; Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231, 235, 236; Davis v. Davis, Tex. Civ.App., 108 S.W.2d 681, 687, 688. Appellee contends that the evidence discloses (citing different pages in the statement of facts) that much more than $580 of her separate funds and her interest in community funds went into paying the debt against the land and its improvement, yet the jury found, upon what we believe to be competent testimony, that the value of the real estate at the time of the trial had been enhanced $1000. The present enhanced value is the test and not the amount actually expended.

This brings us to a consideration of point 4 embraced in the above group. In that point appellant complains that the court erroneously fixed a lien on his homestead to secure the payment of appellee's interest therein. We must first pass upon the question of whether or not the land was in fact appellant's homestead after the parties were divorced. As applicable to this case, the homestead exists by reason of the family relation. In the instant case, prior to the domestic trouble and divorce there was a family consisting of appellant and appellee and none other. Appellant's daughter was 24 years of age, had been married and lived in the city of Dallas. In Bahn v. Starcke, 89 Tex. 203, 34 S.W. 103, 59 Am.St.Rep. 65, it was held that where husband and wife, having no children, are divorced, one from the other, such decree destroyed the family existence, which gave rise to the homestead right, and that property previously constituting the homestead of such family ceased to be a homestead of either upon the granting of the divorce—that such property was no longer exempt from execution. Following the holding in the Bahn v. Starcke, case supra, our Supreme Court in Tanton v. State Nat. Bank, 125 Tex. 16, 79 S.W.2d 833, at page 834, 97 A.L.R. 1093: "The homestead

exemption in that case (Bahn v. Starcke), as in the case before us, was due wholly to the existence of the marriage relation. The relationship was not dissolved by death, * * *. The homestead character in the Bahn case, as in the instant case was lost by the dissolution of the relationship which created it * * *. When a man and woman marry and settle upon landed property, it becomes their home. * * * When one files a suit for divorce from the other, the initial actor must be held to contemplate not only that the bonds of matrimony shall be dissolved, but that all those rights and relationships which flow from it shall be terminated. One of these rights is the right to a homestead."

■ Appellant cites and relies upon language found in Davis v. Davis, Tex.Civ. App., 108 S.W.2d 681. That case was decided by this court. An analysis of the holding reveals its distinction from the point before us now. There the property was considered by the court as the homestead of the husband. It could have been his homestead for several good and sufficient reasons, not necessary to enumerate now. Furthermore, the indebtedness claimed by the divorced wife consisted of loans made by her to the husband and for conversion by the husband of her separate property. There is nothing to indicate in that case the purposes for which either fund was used by the husband. Certainly it does not appear that he used it to enhance the value of his separate property. It will be noted that this court took cognizance of the holdings in Tanton v. State Nat. Bank, 125 Tex. 16, 79 S.W.2d 833, 97 A.L.R. 1093, and other cases of like kind and distinguished them from the one then under consideration. In the instant case we conclude, under authority of Tanton v. State Nat. Bank, supra, that the homestead right of appellant did not continue after the divorce decree. For this reason the question of the court's authority to fix a lien on the homestead is not in this case.

■ We must now determine if the court erred in fixing a lien on the land as against appellant and Patsy Smith to secure the amount contributed by appellee towards paying the indebtedness against the land and its improvement. In so far as the judgment ran against Patsy Smith, it has become final; she has not appealed. In Hursey v. Hursey, Tex.Civ.App., 165 S.W. 2d 761, 765 (error dismissed) the equitable

rights of such parties as are before us were recognized. It was there held that the fixing of a lien on the separate property of one party to secure the repayment to the other spouse, had the effect of making the claim a charge against the property of the other until paid and that the equitable lien so fixed was not void for lack of description of the property. In the instant case the property is definitely described. In any event, as between the parties, it could make no material difference whether a lien was fixed or not, appellant's property would be subject to execution on appellee's judgment.

In Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, the court discussed a situation similar to the one before us. The community funds of a non-offending wife had been used by the husband in the improvement of the husband's separate property and the trial court decreed reimbursement and fixed an equitable lien on the former husband's separate property to secure payment. At page 627 of 83 S.W.2d, the court classifies the right of the wife to reimbursement as an equity and that the rights of the respective parties are to be determined by principles of equity, both as to the amount and the means of enforcing its payment. It is not the policy of our law to bestow a right without giving a remedy for its enforcement. In this connection the cited authority holds that the one entitled to reimbursement has, to that extent, a charge against the property so improved with his or her funds. Such rule may not apply if the improved property is a homestead, but that issue is not involved here. The application of these principles does not mean that a party is divested of title to real property, as prohibited by Art. 4638, R.C.S. True, it may finally result in the loss of title if sold under execution, but the owner has the option to prevent this by paying the judgment. The point must be overruled.

■ Fifth and ninth points claim error in the acts of the court in following the verdict wherein it was found that the value of the land had been enhanced $1000 by the application of appellee's separate funds and her community property to its improvement, because as claimed by appellant, there was no evidence to support that part of the verdict. The point cannot be considered by us for the reason no part of the motion for new trial makes such a complaint. The motion for new trial con-

stitutes the assignments of error, and if error is not assigned in such motion it is waived. Rule 374, Texas Rules Civil Procedure. While under the view we take of appellant's contention we are not called upon to consider the points, yet as we glean from the lengthy statement of facts there is evidence, which if believed by the jury, from which they could find as they did.

■ There is no merit in the sixth point of error. By this point complaint is made because the court submitted an issue inquiring whether or not it would be just and right for appellee to have possession of the 55 acres of land as a home. It is argued that there was no issue of fact to be determined by the inquiry but that it was one of law for the court. The contention is correct, but since the judgment of the court was to the same effect, no harm to appellant is presented on account of the submission of the issue. The court could have entered the same judgment under the provisions of Art. 4638, R.C.S., if no such issue had been submitted to the jury. The jury verdict was no more than advisory in this respect. It may be added also that no objection was made by appellant to the submission of the issue and he therefore waived any possible error that could have resulted from it. Rule 274, Texas Rules of Civil Procedure.

■ Seventh point complains because the court entered judgment against appellant and his bondsmen for $100 as damages for the wrongful issuance of the temporary restraining order preventing appellee returning to the home place. The point of error is based upon the assertion that "there was no evidence that proved any measure of damages that could be legally estimated and found by the jury." In connection with the special issue on this point the trial court gave an explanation, which should be considered by the jury as the measure of appellee's damages, if she sustained any. It is apparent from the testimony that she was restrained, during the life of the writ from returning to her home and enjoying its occupancy; that substantially all of her clothing were in the home and she had no access to them. She had no other home, and was dependent upon relatives and friends for food and shelter. She said that she only had a blouse with her to wear the next day, in addition to the clothes she had on. We do not know when the restraining order ex-

122

pired. It does not appear to have been made permanent; counsel for appellee says in the brief that it was dissolved on her motion and this is not denied in appellant's brief. The amount of damages that may have been sustained by appellee under the circumstances certainly are not such as could be measured in dollars and cents, but must be the result of the mature deliberations of a jury. The amount does not appear to be exorbitant nor reflect prejudice upon the part of the jurors. No error is presented in the point and it is overruled.

Finding no error in the record for which the judgment should be reversed, it is our conclusion that it should be and is here and now affirmed.