### JOHN I. ADAMS V. BATEMAN & BRO. ET AL.

No. 621.

**Mortgage or Assignment.**

The earlier decisions of this court have recognized the rule, that instruments conveying property to a trustee, for the benefit of creditors, in which the right to any surplus that might remain after the payment of the debts was expressly reserved to the debtor, are to be considered as mortgages, while such as contain no such condition are to be held as assignments. This has become an established rule. The former decisions will not be overruled ................................................. ................................. 133

APPLICATION for writ of error to Court of Civil Appeals for Second District, in an appeal from Tarrant County.

The instrument discussed in the application is as follows:

"THE STATE OF TEXAS, }
   "County of Tarrant.   }

"Know all men by these presents, that we, Bateman & Bro., a firm composed of K. D. Bateman, W. Q. Bateman, and A. J. Bateman, all of county of Tarrant and State of Texas, being justly indebted to the following named parties in the amount set opposite their names, to wit: [Here follow the names of six creditors, and amount owing each.] The above named creditors are herein designated as 'Class A.' We are also justly indebted to the following parties in the amounts set opposite their respective names, to wit: [Here follow names of twenty creditors, with amount of each claim.]

"Now, therefore, for the purpose of securing the payment of all of said indebtedness, and in consideration of $1 to us in hand paid, we, the said Bateman & Bro., do by these presents transfer and deliver to W. M. Harrison and D. H. Kernaghan, of said county, all of our stock of goods, wares, and merchandise, consisting of groceries, provisions, tobacco, cigars, wood and willow ware, and all the merchandise of every character and kind contained in the storehouse in the city of Fort Worth, Texas, and known as Nos. 1619, 1621, 1623 Main street, and Nos. 1618, 1620, 1622 Rusk street; also the iron safe, office furniture, scales, and trucks.

"The said W. M. Harrison and D. H. Kernaghan shall take immediate possession of the said stock of goods, and make an inventory of the same, and shall sell so much of the said property above mentioned as may be necessary to pay off the indebtedness above mentioned, together with the costs and expenses incident to making such sale, the said property to be disposed of either at public or private sale, for cash only, and in such parcels as may seem best, and as speedily as possible.

"Out of the proceeds of the sale of said property the said W. M. Harrison and D. H. Kernaghan shall pay, first, the costs and expenses of executing this trust; second, all of the creditors mentioned in 'Class A' shall be paid in full, principal and interest; third, the creditors herein mentioned, other than those in 'Class A,'' shall be paid, principal and interest, and in the event there is not enough money realized from the sale of said property to pay all the claims mentioned herein in full, then in that event those mentioned in 'Class A' are to be paid in full, as herein before provided; and other creditors herein mentioned shall be paid pro rata, according to the amount of their respective claims; and after the said debts are paid, the property and merchandise in the hands of the said W. M. Harrison and D. H. Kernaghan, and not otherwise disposed of, shall be returned to us.

"The said trustees shall from time to time distribute the money coming into their possession from the sale of said merchandise, and shall make such distribution among the creditors herein whenever they have in their possession from the sale of said goods money enough to pay 20 per cent of said indebtedness herein mentioned.

"Witness our hands, this December 22, 1890."

The instrument was signed by the makers, duly acknowledged, and forthwith filed in the proper office, and registered.

The plaintiffs in error sought to have the instrument declared a statutory assignment, and that the property be administered for the benefit of all the creditors, as provided by the statute.

In the trial court the instrument was sustained as a mortgage, and the ruling was affirmed on appeal by the Court of Civil Appeals.

Application for writ of error was made on the following grounds:

"1. The Court of Civil Appeals erred in holding the instrument in question to be on its face a mortgage, and not an assignment, in this, that said instrument on its face is an assignment, and not a mortgage, having all the elements and performing all the functions of the latter, and none of those of the former.

"2. Because said Court of Civil Appeals erred in holding that said instrument, considered in connection with the facts alleged in the petition, was a mortgage, and not an assignment, within the statute; whereas, said instrument, when considered in connection with the facts alleged in the petition, is an assignment, and not a mortgage, and is an assignment within and controlled by the statutes of this State pro-

viding for and regulating assignments by insolvent debtors, or in contemplation of insolvency, for the benefit of creditors.

"3. Because said Court of Civil Appeals erred in holding that parol evidence was not admissible to prove the extrinsic facts alleged in the petition, such as insolvency, the conditions, circumstances, and facts under which, and the purpose for and intention with which said instrument was executed, etc., and in not holding that said instrument, in connection with and in the light of said facts so alleged in the petition, was an assignment within the provisions of the statute, and not a mortgage; in this, that parol evidence was admissible for the purpose of showing said extrinsic facts so alleged, thereby showing the facts and circumstances under which, and the purpose for and intention with which, said instrument was executed; and further in this, that said instrument, when considered in the light of and with reference to said extrinsic facts so alleged, was a general assignment within the provision of the statute, and was not a mortgage.

"4. Because said Court of Civil Appeals erred in holding that the court below did not err in sustaining the demurrers of the defendants to the petition of plaintiffs, and dismissing said petition and cause and rendering judgment for the defendants; and erred in affirming said judgments of the court below, and in overruling the motion of appellants for a rehearing, in this, that the said instrument in question on its face is an assignment, and not a mortgage, and when considered in connection with the facts alleged in the petition, was and is a general assignment within and controlled by the provisions of the statute aforesaid, and parol evidence was admissible to prove said facts so alleged in said petition; and said petition stated a good cause of action, and alleged facts sufficient under the law to entitle the plaintiffs therein to the relief therein prayed, and it was error in the court below to sustain the demurrers of the defendants to said petition, and to dismiss said petition and cause, and it was error in said Court of Civil Appeals to affirm said judgment, and to overrule said motion for rehearing."

*Ross & Chapman, W. S. Essex,* and *W. L. Husbands,* for application.

We contend, that the instrument is on its face an assignment, and that it is by the facts alleged in the petition brought within the statute, and that if there could be any doubt of its being on its face an assignment, that it should be held such under the facts alleged.

[Counsel followed with an exhaustive argument, citing and discussing many authorities. Its length prevents insertion, and an abstract would be unsatisfactory.]

GAINES, CHIEF JUSTICE.—We have for a long time inclined to the opinion, that in the earlier decisions in which instruments of the character of that in question in this suit were passed upon, this court failed properly to distinguish an assignment from a mortgage. A conveyance which passes the legal title of property to a trustee to be im-

mediately sold, and directs that the proceeds shall be applied to the payment of a debt, is generally held by other courts to be an assignment. An instrument which is intended merely to secure a debt is, on the other hand, usually held to be a mortgage. Whether this distinction has been properly recognized in this court may be doubted. But however that may be, in the cases which first came before the court involving the question of the distinctive character of such instruments, those in which the right to any surplus that might remain after the payment of the debt was expressly reserved to the debtors have been treated as mortgages, while such as contained no such express condition have been held to be assignments. The distinction so recognized has become a long established rule, under which many transactions have been entered into which involve property of great value. Such being the case, we are not at liberty to overrule the former decisions of the court upon the question. It is far more important that a line of decisions under which valuable rights have accrued should be deemed settled, than that the court should conform to what may be thought a more correct technical rule. If, however, the express reservation of the surplus, if any, to the debtors, be the true test between an instrument to secure a debt and one to pay a debt, then our former decisions are correct. We have deemed it proper to say this much in passing upon this question, because we desire that there shall be no misunderstanding as to the rule which is to apply in similar cases.

The ruling of the Court of Civil Appeals is in accord with the previous decisions of the court upon the main question involved in the case, and the application for the writ of error is accordingly refused.

*Application refused.*

Delivered April 4, 1895.