NATHAN W. TANTON ET UX V. STATE NATIONAL BANK OF EL PASO, TEXAS, INDEPENDENT EXECUTOR, ET AL.

No. 6157.   Decided March 13, 1935.
(79 S. W., 2d Series, 833.)

*Wilchar & Worrell* and *Gowan Jones,* for plaintiff in error.

Plaintiff did not lose his homestead exemption when he was divorced in 1921. Dorough v. Panse, 24 S. W. (2d) 69; Zapp v. Strohmeyer, 75 Texas, 638, 13 S. W., 10; Central Life Assn. v. Gray, 32 S. W. (2d) 259, (error refused).

*John T. Hill, O. R. Armstrong* and *McKenzie, Walthall & Gamble,* all of El Paso, for defendant in error.

At the time Stanton acquired title through sheriff's deed under the judgment in Stanton v. Tanton, No. 20973 in 34th District Court, the property in question was not Tanton's homestead (he having secured a divorce from his wife) and therefore, was not exempt property. Houston Ter. Land Co. v. Westergreen, 119 Texas, 204, 27 S. W. (2d) 526; Guarantee Mer. Co. v. Nelson, 223 S. W., 543; Willis v. Pounds, 25 S. W., 715.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This care is fully stated in the opinion of the Court of Civil Appeals (43 S. W. (2d) 957), and we deem it unnecessary to here restate it.

We granted a writ of error with the notation that we would hear the case. In doing so we had in mind the conflict stated in the application between the opinion of the Court of Civil Appeals in the instant case and that in the case of Dorrough

v. Panse, 24 S. W. (2d) 69. In the last named case the Court of Civil Appeals for the Sixth District (Texarkana) held that land which had become a homestead because of the existence of the marital relation, and exempt as such from the payment of community debts, did not lose its exempt character by reason of a subsequent divorce; basing its opinion upon the case of Woods v. The Alvarado State Bank, 118 Texas, 586, 19 S. W. (2d) 35, opinion by this court.

After a very careful consideration of the questions involved, we have reached the conclusion that the opinion of the Court of Civil Appeals in the instant case is correct.

In the case of Woods v. The Alvarado State Bank, Woods was entitled to a homestead because after the divorce from his wife he remained the head of a family composed of himself and minor children. The question as to whether or not he would have been entitled to the homestead exemption after the divorce decree was entered, had he not continued as the head of a family, was not before the court, and was not decided. In fact, we expressly stated in the opinion that the question decided in Bahn v. Starcke, 89 Texas, 203, was a different one to that presented by the Woods Case.

In the instant case the Court of Civil Appeals followed the case of Bahn v. Starcke, and in this we think the court was correct. Bahn v. Starcke, 89 Texas, 203, 34 S. W., 103; Comstock v. Lomax, 135 S. W., 185 (writ refused); Floyd Co. v. Wolfe, 138 Ia., 749, 117 N. W., 32; Shoemake v. Chalfant, 47 Calif., 432; Stahl v. Stahl, 114 Ill., 375, 2 N. E., 160; Brady v. Kreuger, 8 So. D., 464, 66 N. W., 1083, 59 Am. St. R., 771; Kern v. Field, 68 Minn., 317, 71 N. W., 393, 64 Am. St. R., 479; Boykin v. Rain, 28 Ala., 332, 65 Am. Dec., 349, and monographic note p. 358. In the Bahn Case, decided in 1896, this court, in an opinion by Chief Justice Gaines, held that where a man and wife, having no children, were divorced, the divorce destroyed the particular family the existence of which gave the homestead right, and that the property was, therefore, not a homestead, and was subject to execution. It is quite unnecessary to discuss fully the reasons for the rule, or to here state at length that which may have actuated the court in announcing it. Bahn v. Starcke was decided nearly forty years ago, and, in so far as we know, has neither been modified nor overruled. Many sessions of the Legislature have met since the decision, and the statutes have twice been codified. Neither the statute law nor the constitutional provision has been changed since the decision. In fact, it may be said that the law as

announced in Bahn v. Starcke has become a rule of property in this State, and should not be changed in the absence of other controlling circumstances, even though good reasons might be given for a different holding. 15 Michie's Texas Digest, pp. 861, 862, 863, 864; Johnson v. Harrison, 48 Texas, 257, 267; Adams v. Bateman & Bro., 88 Texas, 130, 133, 30 S. W., 855; McKeen v. James, 87 Texas, 193, 200, 27 S. W., 59; Whitmire v. May, 96 Texas, 317, 72 S. W., 375; Dean v. Gibson (Civ. App), 48 S. W., 57; 7 Ruling Case Law, 1000, secs. 29, 30. However, we think the rule as announced in Bahn v. Starcke a sound one. The homestead exemption in that case, as in the case before us, was due wholly to the existence of the marriage relation. The relationship was not dissolved by death, nor was the family dispersed in the usual course of nature by the children departing from the parental roof and establishing homes of their own, as in the Woods Case. The homestead character in the Bahn Case, as in the instant case, was lost by a dissolution of the relationship which created it,—that is to say, by the acts of the parties which resulted in a divorce decree. When a man and a woman marry and settle upon landed property, it becomes their home, by virtue of the constitutional provision and the relationship which they have assumed. It has long been settled by the courts that although a man and wife may remain married, they may, nevertheless, under some circumstances, abandon the homestead. 22 Texas Jurisprudence, p. 71, Sec. 46. When one files a suit for divorce from the other, the initial actor must be held to contemplate not only that the bonds of matrimony shall be dissolved, but that all those rights and relationships which flow from it shall be terminated. One of these rights is the right to a homestead, and it must be held that when the plaintiff files suit for divorce, he or she contemplates that the dissolution of the marital status shall carry with it the dissolution of the homestead estate, since that privilege is predicated upon the existence of that relationship. As said in Shoemake v. Chalfant, supra:

."All the principal qualities of the homestead estate, except that of exemption from liability for debts, etc., having been destroyed by the decree, the latter, in our opinion, was also destroyed. The decree was as effectual in its results as would have been a declaration of abandonment."

As to the defendant in such a case, he or she has the right to resist the divorce; which includes, of course, the authority to resist the dissolution of the homestead estate, an estate incidental to the marital status. If he or she does not success-

fully resist the divorce decree, then it must follow that the estate claimed by him or her, by reason of the existence of the marital status, has been abrogated or dissolved,—a part of the judicial penalty incurred by him or her for breaching those relations which entitle the defendant to maintain the status of husband or wife. We think that the right to divorce carries with it the right to dissolve or abrogate the homestead estate, where the latter is derived *solely* from the existence of the marital relationship. We know of no statute or constitutional provision which would authorize a court to limit the effect of a decree which dissolves the marrage relationship. Limited divorces, *a mensa et thoro* ("from bed and board"), are unknown to the law of Texas. 15 Texas Jurisprudence, pp. 436-7, Sec. 2. With us a divorce, when it becomes final, involves a complete dissolution of the marriage relation. Speer's Law of Marital Rights in Texas, (3d ed.), Sec. 625. The homestead estate is brought into being by the creation of the marriage relationship, and when that is dissolved by the divorce decree, it necessarily follows that the estate, based solely upon the relationship, is likewise dissolved,—destroyed by voluntary abandonment upon the part of the actor who brings the suit, and against the defendant, as a part of the judicial result of his or her derelictions during the existence of that relationship.

Without discussing the matter further, it is sufficient, we think, to here state that we concur in the opinion of the Court of Civil Appeals in this case, and, accordingly, affirm the judgment of that Court.

Opinion delivered March 13, 1935.