## CLACK et al. v. WILLIAMS.

### No. 11522.

Court of Civil Appeals of Texas. San Antonio.

June 20, 1945.

Rehearing Denied July 18, 1945.

504

J. M. Woods, of San Antonio, for appellants.

Leonard Brown, of San Antonio, for appellee.

NORVELL, Justice.

Melvin Williams, the appellee, and Iona Williams (who is now deceased) were married in the year 1918. They had no children, but during the existence of the marriage they acquired certain personal property and a tract of real estate located at 1206 Sherman Street, San Antonio, Texas. On January 30, 1943, the District Court of Bexar County rendered a decree in favor of Iona Williams, plaintiff, and against Melvin Williams, defendant, dissolving the bonds of matrimony theretofore existing between the parties. No disposition of the community property was made, although the court did enter an order restraining and enjoining Melvin Williams "from further living in or coming to the premises located at 1206 Sherman Street, San Antonio, Texas, so long as plaintiff (continues to) reside there." The decree recites due service of citation upon Melvin Williams, and no attack on the validity of the divorce proceedings was made in this suit.

On the 5th day of August, 1944, Iona Williams executed and published her last will and testament, bequeathing and devising all her property to Henry Clack and Susie Davis, relatives of hers, who are the appellants here. Iona Williams died on August 11, 1944, and her will was duly admitted to probate.

The suit was brought by Henry Clack and Susie Davis against Melvin Williams for a partition of the property which was formerly the community property of Iona and Melvin Williams. Trial was to the court without a jury and a partition of the personal property ordered. The court, however denied the prayer for a partition of the real property upon the holding recited in the judgment, "that Melvin Williams has the right to occupy said property above described (1206 Sherman Street) as his home and said property can not be partitioned as long as the said Melvin Williams, occupies the same and uses the same as his home." This holding is attacked by the appellants here.

■ In our opinion this case is controlled by Bahn v. Starcke, 89 Tex. 203, 34 S.W. 103, 59 Am.St.Rep. 65, and Tanton v. State National Bank of El Paso, 125 Tex.

16, 79 S.W.2d 833, 97 A.L.R. 1093. The real property sought to be partitioned had been the homestead of a family of which the only members were Melvin Williams and Iona Williams. The divorce consequently destroyed the particular family which gave rise to the homestead right, and the homestead thereupon ceased to exist.

As the Supreme Court in the Tanton case, supra, makes a clear distinction between Bahn v. Starcke, supra, and Woods v. Alvarado State Bank, 118 S.W. 586, 19 S.W.2d 35, and similar cases relied upon by the appellee, further discussion is deemed unnecessary.

■■ Appellee presents a further contention that despite the divorce decree above mentioned, he and Iona Williams were husband and wife at the time of her death by reason of a marriage recognized as valid under the common law. Based upon the premise of a common law marriage, appellee asserts that he was a "surviving husband" and that the real property can not be partitioned at this time by reason of the provisions of Article 16, Section 52, of the Constitution of the State of Texas, Vernon's Ann.St., as he is now (at the time of the trial) actually using and occupying the premises.

The evidence in the case not only will not support a finding that Melvin and Iona Williams entered into a common law marriage, but conclusively shows that they did not. In the leading case of Grigsby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A. 1915E, 1, Ann.Cas.1915C, 1011, the Supreme Court held that a marriage at common law would be recognized as valid, provided competent persons mutually agree and consent together to become husband and wife and thereafter carry out that agreement and live and cohabit together as husband and wife. There can be no marriage in the absence of a contract.

■■ It is well settled that a party will not be allowed to recover upon a theory which embraces the existence of a set of facts which said party testifies unequivocally are not true. Southern Surety Co. v. Inabnit, Tex.Civ.App., 1 S.W.2d 412, Annotation, 80 A.L.R. 626. Upon the trial of this case, Melvin Williams testified that he knew nothing about his wife's having obtained a divorce from him, that his wife never told him anything about it, but that he continued to live with her after the date of the divorce decree in the same manner as he had for many years previous thereto. He

stated that the first time he knew of a divorce having been granted was when Iona Williams' will was offered for probate. There was some evidence that upon a hearing in the probate court Melvin Williams admitted that he had been served with citation in the divorce suit. Upon the point involved here, this matter is immaterial as Williams can not in this proceeding attack the validity of the divorce decree. His testimony does, however, conclusively show that at no time after the rendition of the divorce did he and Iona Williams then and there make an agreement to become husband and wife. If there be no meeting of the minds, and there certainly was none in this case, there can be no contract, and hence no marriage.

Appellee placed on the stand a number of witnesses who testified in substance that after January 30, 1943, the date of the divorce, Melvin and Iona Williams apparently lived together as husband and wife and held themselves out as such. Testimony of this nature under certain circumstances raised an implication that such parties have actually entered into a marriage agreement. However, such an agreement can not be implied contrary to direct evidence which definitely shows that there was no such agreement. Schwingle v. Keifer, 105 Tex. 609, 153 S.W. 1132; Perales v. Flores, Tex. Civ.App., 147 S.W.2d 974, writ refused.

The judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

### On Motion for Rehearing.

It seems clear from what was said in the original opinion that as Melvin Williams did not know that Iona Williams had divorced him (according to his own sworn testimony), he did not after the date of the divorce decree enter into an agreement with said Iona Williams to presently become husband and wife.

Appellee, upon motion for rehearing, contends that as Melvin Williams did not know of the divorce, and consequently continued to live with Iona Williams apparently as her husband, and that as Iona Williams despite the fact that she had secured a divorce continued to live with Melvin Williams apparently as his wife, the law will presume or imply a marriage valid under the common law.

We do not agree with the contention. An agreement to marry, which is an essential basis for a common law marriage, may be inferred from surrounding facts and circumstances which point to an actual agreement having been made. The fact of marriage is often established by this species of evidence. But, as we understand the authorities, the inference of the existence of a marriage agreement can not be drawn from circumstances contrary to the direct testimony of a litigant (who asserts the existence of a marriage) as to facts, which if true, demonstrate that no marriage agreement was entered into.

The factual situation disclosed by the record is unusual to say the least. Appellee is in the position of relying upon a marriage agreement which according to his testimony never existed. The law under such circumstances can not imply a marriage.

Final judgments and decrees of judicial tribunals determining the status of persons and consequently property rights, must necessarily be given effect if their purpose of settling controversies and stabilizing legal rights is to be attained. No attack is made in this suit upon the legality of the decree of divorce and, consequently it fixes and determines the rights of the litigants in this proceeding.

Appellee's motion for rehearing is overruled.