**CAGE et al. v. CAGE.**

**No. 11787.**

Court of Civil Appeals of Texas.
San Antonio.

Feb. 11, 1948.

Rehearing Denied March 10, 1948.

John J. Pichinson, Lloyd L. Davis and Russell M. Brown, all of Corpus Christi, for appellants.

Boone, Boone & Davis and Allen V. Davis, all of Corpus Christi, for appellee.

NORVELL, Justice.

The appellants are Etta K. Cage and Joe B. Cage. The appellee is Stella Marie Peck Cage. The issue involved is whether Etta Cage or Stella Cage is the surviving widow of W. T. Cage, deceased. Joe B. Cage is the son of Etta Cage and W. T. Cage. Another son of this couple, W. T. Cage, Jr., conveyed all his interest in the estate of W. T. Cage to his mother, Etta Cage, during the pendency of this litigation.

W. T. Cage died intestate in Nueces County on July 29, 1944. Stella Cage married W. T. Cage some time after August 8, 1940, and, as the surviving widow, was appointed administratrix. W. T. Cage, Jr., joined by his mother, filed a motion in the probate court seeking to vacate the appointment. This relief was denied in the County Court and an appeal taken to the District Court of Nueces County, 94th Judicial District. Mrs. Etta Cage joined by her two sons also filed an original suit in the 94th District Court, seeking to establish that Mrs. Etta Cage was the surviving widow of W. T. Cage, deceased, and as such entitled to certain properties described in the petition.

The original suit was consolidated with the appeal from the county court. Upon the trial, by agreement of the parties, most of the issues were determined by the court. One issue, however, was submitted to a jury and answered favorably to the appellee. The court decreed that Stella Cage was the lawful wife of W. T. Cage at the time of his death.

In our opinion this appeal is determined by the construction of the following decree (Paragraph numbers have been inserted by us for convenience in discussion.):

"No. 21117–B

Mrs. Etta K. Cage  } In The 117th District Court of Nueces County, Texas.
v.
William Taylor Cage

(First) This the 8th day of August, 1940, came on to be heard the above numbered and entitled cause wherein Mrs. Etta K. Cage is plaintiff and William Taylor Cage is defendant, and came the parties and announced ready for trial. Plaintiff appearing in person and by attorney and defendant having filed a waiver of citation and appearing by attorney; a jury being waived and the court having examined the plaintiff's petition for divorce and having determined that same contains all of the allegations and information required by law, and having heard the pleadings and evidence and being of the opinion that the material allegations of such petition are supported by the evidence and are true and that all prerequisites of law have been complied with and that plaintiff is entitled to judgment of divorce.

(Second) It is therefore ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between the plaintiff, Mrs. Etta K. Cage, and the defendant, William Taylor Cage, are hereby dissolved, and the plaintiff is granted a divorce from defendant.

(Third) And it further appearing to the court that the plaintiff and defendant own certain community property, as is fully set out in the property agreement filed herein in evidence and marked Exhibit One, to which reference is here made for a more particular description, in which the parties have agreed voluntarily upon a division of the said property and the court being of the opinion that such agreed division is just, right and equitable, it is ordered, adjudged and decreed that each of the parties hereto take as their separate property the property described in said agreed division of property.

(Fourth) It further appearing to the court that the division of the property as above set out cannot be completed and consummated immediately but that it will take several weeks to consummate such agreed division of property, it is therefore ordered, adjudged and decreed that the divorce as above granted be and is an interlocutory decree of divorce and becomes final when the property division agreement is consummated.

(Fifth) It is further ordered, adjudged and decreed that all costs in this behalf expended shall be paid by defendant, for all of which let execution issue."

Divorce in Texas is governed by statutory enactments, Vernon's Ann.Civ.St. art. 4628 et seq., and we are called upon here to construe a decree with reference to such statutes.

The first paragraph of the decree sets forth holdings as to the legal sufficiency of the petition to invoke the jurisdiction of the court and to state grounds for divorce. It also contains findings that the material allegations of the petition are supported by evidence and are true. This means that the plaintiff, in the opinion of the court, established or proved statutory grounds for divorce.

The second paragraph of the decree pronounces the legal effect attendant upon the fact findings made in the first paragraph by providing that the bonds of matrimony heretofore existing between the plaintiff and defendant "are hereby·dissolved and the plaintiff is granted a divorce from the defendant."

The third paragraph of the decree recites the approval of an agreed division of community property.

So far every step taken by the court, as reflected by the decree, is in accordance with statutory authority.

The fourth paragraph of the decree, however, contains a clause which provided that "the divorce as above granted be and is an interlocutory decree of divorce and becomes final when the property division agreement is consummated." Seemingly by this clause, an attempt is made to defer the effectiveness of a divorce already granted in terms importing finality, until some time in the future, when the parties shall have

consummated the property settlement approved by the court.

We think it clear that there is no statutory enactment which supports or authorizes the insertion of the clause above mentioned in the divorce decree. In none of the articles of the divorce statutes is the consummation of a property settlement made a part of the grounds for divorce. The judge here did not simply enter a preliminary order declaring that in his opinion the evidence was sufficient to entitle the complaining party to a divorce (as did the decree of August 19, 1914, set out in the report of Kinney v. Tri-State Tel. Co., Tex.Com.App., 222 S.W. 227), but, on the contrary, proceeded further and pronounced the judicial consequences attendant upon such finding by rendering judgment that the bonds of matrimony heretofore existing between the plaintiff and defendant "are hereby dissolved and the plaintiff is granted a divorce from the defendant."

We are here concerned with a decree rendered in a statutory proceeding, and not with a form of judgment fixed or controlled by common law custom or usage. There is but one form of divorce decree known to the law of Texas and that is the form of decree which dissolves the bonds of matrimony between the parties, as was done by the second paragraph of the decree under discussion. It was stated by the Supreme Court in Tanton v. State Nat. Bank of El Paso, 125 Tex. 16, 79 S.W.2d 833, 835, 93 A.L.R. 1093, that, "We know of no statute or constitutional provision which would authorize a court to limit the effect of a decree which dissolves the marriage relationship."

We hold that the fourth paragraph of the decree, which attempts to make the decree of divorce dependent upon the consummation of the property division agreement, was and is void and of no effect. We hold that with this clause eliminated as a nullity, the decree was and is a final decree. Hargrove v. Insurance Investment Corporation, 142 Tex. 111, 176 S.W.2d 744, and effected a divorce of the parties from and after August 8, 1940, the date of the rendition thereof.

Appellants contend that the fourth paragraph renders the entire decree void. They say that, "There has been no divorce of the parties by a court, because the order of August 8, 1940, was void on its face, because there is no such thing as an interlocutory decree of divorce in Texas." We do not agree with this contention. In Ex parte Castro, 115 Tex. 77, 273 S.W. 795, the Supreme Court considered an injunctive order having no statutory basis which was nevertheless contained in a divorce decree. The injunctive order was declared void in a habeas corpus proceeding. There is no intimation that the balance of the decree was not valid and binding. Hence we hold that while the fourth paragraph of the decree is void, the remaining provisions thereof are legally sufficient and effective.

Appellants place some emphasis upon an order of dismissal entered by the 117th District Court in January of 1947. The order was rendered in cause No. 21,117-B (Etta K. Cage v. William Taylor Cage), upon motion of Etta K. Cage suggesting the death of the defendant, William Taylor Cage, before a final judgment had been rendered. The order of dismissal was rendered upon the theory that said cause No. 21,117-B was a then pending case. We have held that the judgment of August 8, 1940, was a final judgment, consequently, the court's order of dismissal, entered years after the term in which the judgment was rendered had expired, has no force or effect.

In addition to the contention that the decree here involved was a final and effective judgment from and after August 8, 1940, the appellee asserts that, if the judgment be considered voidable or ambiguous, the appellants are estopped to contend that the decree of August 8, 1940, did not operate to effectively dissolve the marriage between Etta K. Cage and William Taylor Cage. Appellee secured a favorable jury finding with reference to this phase of the case. However, in view of our holdings above set out, it is unnecessary for us to discuss appellee's alternative theory and appellants' contentions counter thereto.

The judgment appealed from is affirmed