**STEITZ v. STEITZ et al.**

No. 14744.

Court of Civil Appeals of Texas.

Dallas.

Oct. 23, 1953.

Rehearing Denied Nov. 20, 1953.

J. Lee Zumwalt and Burt Barr, Dallas, for appellant.

Burford, Ryburn, Hincks & Ford, Roy L. Cole and J. W. Matthews, Jr., Dallas, for appellees.

CRAMER, Justice.

This was an action for divorce between Billye and Allan Steitz and for partition of their community property. The court appointed a receiver for the property involved and thereafter severed the divorce count from the property partition count and granted the divorce on that phase of the case September 9, 1953. Later the property was sold by the receiver under an order of the court for $6,125 plus the assumption by the purchaser of a $7,875 first lien mortgage thereon. Thereafter appellant Billye Steitz filed a motion to divide the $6,125, but before said motion was acted upon appellee, The Reeves Banking and Trust Company of Dover, Ohio, intervened claiming it held a debt against the community estate of Billye and Allan Steitz in the sum of $6,776.46 evidenced by a note executed by Allan A. Steitz and Billye Steitz, and sought an order to require the receiver, after deducting costs, to turn the funds then in his hands over to it to be applied on its note. Billye Steitz then filed a motion to strike the intervention on the ground, (1) that the transaction was an interstate transaction; (2) the funds were in custodia legis; (3) were the proceeds of an involuntary sale of a homestead not subject to garnishment, attachment, or debts; and (4) that she was a married woman and not liable for debts.

The court after a hearing on the several property counts, found that the Steitzes were married December 14, 1951, divorced September 9, 1952; that on May 14, 1952 they executed a note for $6,793.33 payable on demand to Reeves Banking and Trust Company of Dover, Ohio; that said note was endorsed by Eldon W. Steitz, father of Allan; that the proceeds of said note represented to be used and were used by Allan and Billye Steitz as the down payment on the homestead. The court in his conclusions of law found in substance, (1) the home was purchased during the Steitz marriage and was community property; (2) and was their homestead until September 9, 1952, the date of the severed divorce judgment, and has not been their homestead and has not been exempt from their creditors since September 9, 1952, and "is subject to the disposition of this court." That it was "not impressed with a homestead or any other exemption and is available for and subject to the payment of community debts presented to and approved by this court." That the Bank's debt is a valid, existing and past due community debt of the parties in the sum of $6,662.77 and said Bank is entitled to said sum out of the impounded funds. The court, on his findings and conclusions, entered judgment April 6, 1953 against appellant Billye Steitz and ordered the clerk in whose hands the money was then impounded to pay the Bank said amount of $6,662.77, or as much thereof as he had on hand, if less than said sum.

This appeal has been duly perfected by Billye Steitz from that order and she briefs here one point, in substance the Bank's debt was not secured by a lien on the homestead and therefore the proceeds were exempt and the court erred in ordering such proceeds applied to the Bank's debt. The Bank counters that where the marriage is childless, the divorce destroys the family relationship and the homestead exemption, and the creditors may satisfy their claims out of such community property. Appellant Billye Steitz by supplemental brief replies, (1) the debt due the Bank was the husband's debt, not hers; was not secured by a lien and her property is not liable

therefor; (2) the court erred in permitting the Bank to intervene in this case. All points and counterpoints will be considered together.

It is undisputed that the marriage between the parties was childless, that the divorce was granted, and the property question severed to be tried later; that the appeal here is solely from the judgment in the severed cause involving property only.

■ In our opinion, although there has been some conflict in the authorities on the question of a homestead exemption to a divorced childless wife, the law is now settled that where there are no children the divorce destroys homestead rights, and subjects the former homestead to execution. Our Supreme Court in Tanton v. State Nat. Bank of El Paso, 125 Tex. 16, 79 S.W.2d 833, passed directly on the question. Syllabus 1 reads:

"Rule that divorce of childless spouses destroys homestead rights and subjects former homestead to execution is rule of property and should not be changed in absence of other controlling circumstances, even though good reasons might be given for a different holding."

The rule stated in the Tanton case has since been followed in Clack v. Williams, Tex.Civ.App., 189 S.W.2d 503 (error ref. w. m.). In Phillips v. Interstate Securities Co. of Tex., Tex.Civ.App., 250 S.W.2d 444, 449, the El Paso Court stated:

"* * * The divorce decree of June 18, 1949 destroyed any homestead claim to the 117.38 acres which Gussie I. McGee or her former husband had at that time."

■ In the case now before us Billye Steitz and her then husband agreed in the suit then pending to a sale of the homestead, and on that agreement the homestead was sold by the receiver theretofore appointed by the court. Under that same agreement the receiver paid off the vendor's first lien. The balance, as found by the trial court in his written findings, was

then used to pay appellee Bank, and said Bank when it received the same applied it to its debt. The record, in addition to the matter stated above, also shows the Bank's debt grew out of its loan to Billye and Allan Steitz and endorsed by Allan Steitz' father to be used as the down payment on the homestead.

Under such circumstances we cannot say, since there is no statement of facts filed as a part of the record on this appeal, that the judgment is not supported by (or is against the preponderance of) the evidence. We therefore hold that the Bank was entitled to an implied vendor's lien on the homestead, since it was used as a part of the purchase price thereof. We further hold that the debt was a community debt due the Bank, chargeable against the community property, and that the judgment, on such facts alone, supports the trial court's judgment.

Finding no reversible error in the trial court's judgment, it is

Affirmed.