**Fred REISBERG, Appellant,**

v.

**Rufus HUBBARD et al., Appellees.**

**No. 3459.**

Court of Civil Appeals of Texas.

Eastland.

June 12, 1959.

Rehearing Denied July 10, 1959.

Marvin G. Shwiff, Dallas, for appellant.

Henry Wade, Dist. Atty., Carl E. Broyles, A. George Biggs, McKool & Bader, Dallas, for appellees.

GRISSOM, Chief Justice.

Reisberg had a money judgment against Rufus Hubbard. It was abstracted, indexed and recorded in Dallas County and constituted a lien against any real estate of Hubbard in that county. The homestead of Rufus Hubbard and wife was condemned and title transferred to the City of Dallas. The proceeds were deposited with the county clerk. In a partition proceeding in the district court, after the Hubbards were divorced, one-half of said fund in the hands of the clerk was ordered paid to Rufus Hubbard. The district court held that said proceeds were not subject to Reisberg's judgment lien and that he had no interest therein. This was correct. There being no minor children, the divorce destroyed the Hubbards' right to exemption of the homestead or its proceeds. Tanton v. State Nat. Bank, 125 Tex. 16, 79 S.W.2d 833, 97 A.L.R. 1093. But, regardless of the fact that the proceeds were not exempt, Reisberg's judgment lien covered only real estate, not its proceeds. The proceeds of the sale of a homestead are personal property. Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 164 S.W.2d 488, 492; Steitz v. Steitz, Tex. Civ.App., 262 S.W.2d 262 (Writ Dis.); Vernon's Annotated Civil Statutes, Article 7425a; Castro v. Illies, 13 Tex. 229; Crowley v. Adams Bros. & Prince, Tex.Civ.

App., 262 S.W. 883; 13 Tex.Law Review 180; South Texas Lumber Co. v. Nicoletti, Tex.Civ.App., 54 S.W.2d 893, 897 (Writ Dis.). Thereafter Reisberg served a writ of garnishment on the clerk who had been ordered by the district court to pay half of the proceeds to Reisberg. The county court held that said judgment of the district court was res judicata of Reisberg's right to said funds under a writ of garnishment and rendered judgment against him. Reisberg has appealed.

The judgment rests solely upon the holding of res judicata. The district court did not, and could not, have held in the case before it that Hubbard's interest in said proceeds is not now subject to garnishment. No such issue was there presented. Certainly, that issue was not distinctly put in issue nor directly decided in the district court. See 26 Tex.Jur. 11, 59. Rufus Hubbard's half of said proceeds is not exempt from garnishment because it is proceeds of the sale of a homestead. The exemption died with the divorce. It is subject to appellant's garnishment. The judgment is reversed and judgment is rendered for appellant.