

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00491-CV

———————————————————

IN RE M.R., Relator

---

Original Proceeding
233rd District Court of Tarrant County, Texas
Trial Court Nos. 233-743978-23 & 233-725963-22

---

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Relator M.R. (Wife)[1] seeks mandamus relief from the trial court's Order Declaring Agreed Final Decree of Divorce Void. In one issue, Wife argues that the Agreed Final Decree of Divorce is not void and that the trial court abused its discretion by setting it aside. We conditionally grant Wife's petition in part.

## I. BACKGROUND

Real Party in Interest M.M. (Husband) and Wife were married in 1997 and had two children. Husband was born and raised in Canada; Wife was not but became a Canadian citizen during their marriage. The family resided in Canada until 2019 when Wife and the children moved to Texas because Wife had received a scholarship from Texas Christian University and wanted to pursue her master's degree. The couple had planned for Husband to join Wife and the children in Texas after Wife finished school, but shortly after she graduated in 2021, Wife informed Husband that she wanted a divorce. Wife did not file for divorce, however, until 2022.

Husband and Wife entered into an Informal Settlement Agreement and an Agreed Final Decree and filed both documents with the trial court in February 2023. *See* Tex. Fam. Code Ann. § 7.006(a) ("To promote amicable settlement of disputes in a suit for divorce or annulment, the spouses may enter into a written agreement concerning the division of the property and the liabilities of the spouses and

---

[1]To protect the identity of their minor child, we identify Relator and Real Party in Interest by their initials or as Husband and Wife. *See* Tex. Fam. Code Ann. § 109.002(d).

maintenance of either spouse."). Important to the issues in this case, the Agreed Final Decree awarded a Canadian property identified as "Lot 11" to Wife as her sole and separate property and awarded each spouse "a 50% undivided interest" in another Canadian property identified as "Lot 12." The decree also made provisions for the sale of Lot 12. The trial court signed the Agreed Final Decree on February 8, 2023.

On October 30, 2023, Wife filed a petition to modify the SAPCR[2] provisions of the Agreed Final Decree, claiming that Husband had "committed aggravated emotional domestic violence . . . during the children's scheduled July 2023 summer visitation."[3] Then, on December 7, 2023, Husband filed a Petition for Bill of Review seeking to set aside the Agreed Final Decree in its entirety. According to Husband, Wife was "extremely emotionally, verbally, and physically abusive" to him during their marriage. Husband claimed that although he and Wife had "prepared typed provisions pertaining to the division of their marital estate and a parenting plan, having discussed and negotiated the terms between themselves, . . . the Informal Settlement Agreement and Final Decree of Divorce divided the marital estate in a wholly different way than the parties had agreed to" divide it. Husband alleged that he "did not read either the Informal Settlement Agreement or Final Decree, having relied on [Wife]'s specific

---

[2]Suit affecting the parent–child relationship. *See* Tex. Fam. Code Ann. § 101.032(a).

[3]According to the record, the trial court set a temporary orders hearing on Wife's petition to modify for February 6, 2024.

3

representations that they contained their exact agreed terms that had been previously typed up by them."

He further alleged that, in presenting him with documents that differed from their agreement, Wife had "breached [a fiduciary] duty [to him] by taking advantage of him and his extreme anxiety and fragile mental state, without counsel, and without informing him that she was represented by independent counsel." Husband did not argue that the trial court had lacked personal jurisdiction over him when it signed the Agreed Final Decree.

Wife entered a general denial to Husband's petition, which the trial court heard on February 5, 2024.[4] At the hearing, Husband testified that he "was born with severe anxiety and panic attacks." He explained that his eyes and his brain worked "at different speeds" and that it was "very difficult" for him to focus and hard for him to fully comprehend what he reads.

While Husband was still on the witness stand, the trial court abruptly stopped the proceeding and expressed the belief that it did not "have the authority to divide the property in Canada" when it had rendered the Agreed Final Decree and that, because it therefore had to "set this [case] aside[, there was] no need to continue with

---

[4]As a pretrial matter, a bill-of-review plaintiff usually must present prima facie proof to support his essential contention that he had a meritorious defense to the underlying cause of action. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979). This preliminary showing at the prima facie hearing is necessary "to assure the court that valuable judicial resources will not be wasted by conducting a spurious 'full-blown' examination of the merits." *Id.*

4

this matter." The trial court made an oral finding that the property division in the Agreed Final Decree was "a void order because [this court] does not have jurisdiction over that property."[5] The trial court then set aside the entire Agreed Final Decree and declared that Wife's requested modification was "no longer valid as the divorce has not happened."[6]

On April 18, 2024, Wife filed a motion asking the trial court to reconsider its oral ruling. Meanwhile, Husband submitted a proposed order granting his bill of review and moved the trial court to sign the order. The trial court heard Wife's motion on May 31, 2024. After hearing the arguments of counsel, the trial court stood by its decision to "set aside" the entire Agreed Final Decree for want of jurisdiction. Following the hearing, Husband submitted a revised order granting his bill of review for the trial court to sign. But instead of signing Husband's proposed order, the trial court signed an order stating,

> On February 5, 2024, the [trial c]ourt considered the prima faci[e] portion of [Husband]'s Bill of Review, and during the course of the prima faci[e] proceeding the [trial c]ourt determined that the underlying Agreed Final Decree of Divorce was void for lack of jurisdiction.
>
> It is therefore ORDERED that the Agreed Final Decree of Divorce is declared void for lack of jurisdiction.

---

[5]The trial court appears to have raised this jurisdictional issue sua sponte. The first mention of it that we find in the record is Wife's attorney's statement at the prima facie hearing that the trial court had "expressed concern that it lack[ed] the authority to award real property that's located in Canada."

[6]Based on this declaration, it appears that the temporary orders hearing that had been scheduled for February 6, 2024, never took place.

Further, because the Agreed Final Decree of Divorce is void, the Bill of Review is dismissed.

On October 10, 2024, Husband filed his Counterpetition for Divorce and Request for Temporary Orders in response to Wife's 2022 divorce petition. On October 15, 2024, the trial court set a hearing on Husband's request for temporary orders for November 20, 2024. On November 6, 2024, Wife petitioned this court for a writ of mandamus and also requested that we stay the trial court proceedings on Husband's request for temporary orders. We granted Wife's request in part by staying the trial court's order "until further order of this court." Husband timely filed a response to Wife's petition, and Wife timely filed a reply to Husband's response. Having reviewed the parties' arguments and the record they have provided, we have determined that Wife is entitled to mandamus relief.

## II. DISCUSSION

We begin by setting forth the applicable standard of review.

### A. Standard of Review

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

6

A trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

An appellate remedy's adequacy has no specific definition; "the term is 'a proxy for the careful balance of jurisprudential considerations' [that implicate both public and private interests,] and its meaning 'depends heavily on the circumstances presented.'" *Allstate Indem. Co.*, 622 S.W.3d at 883 (quoting *In re Prudential Ins. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)); *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136); *see also In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) ("Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review.").

## B. Analysis

### 1. Nature of Trial Court's Order

We must begin our analysis by elucidating exactly what the trial court did in the order we are reviewing. At the prima facie hearing, the trial court stated that "a Bill of

7

Review is appropriate to allow the parties to revisit the issues so that the proper division of the assets can be dealt with." And during the hearing on Wife's reconsideration motion, the trial court repeatedly said that it had "granted" the bill of review. But the trial court never signed an order granting a bill of review, despite multiple motions from Husband asking it to do so.[7] In the reconsideration hearing, Wife's attorney tried to correct the trial court's misperception:

> I'm trying to reduce areas that would go up to the Court [of Appeals] for [it] to decide, but please don't say you granted a Bill of Review because you didn't. You said the underlying decree -- you're basically declaring the underlying decree void for lack of jurisdiction, which is materially different. And you're saying I'm granting a Bill of Review because I don't think there's enough evidence of fraud, extrinsic fraud, not even fraud. [Husband's] allegations don't even meet the extrinsic fraud test. Number two, he's got his own negligence. Number three, he didn't exhaust his legal remedies.[8]

The trial court then said to Wife's attorney, "Actually, . . . I agree with you. And the [trial c]ourt did set aside the decree based on the -- the jurisdictional issue. The result is the parties are still married, the property has not been divided, and any issue can be

---

[7]The record before us does not contain a signed order granting Husband's Petition for Bill of Review. In a Motion to Appear by Zoom, filed April 30, 2024, Husband claimed that his Petition for Bill of Review "was granted." As we will explain, however, the trial court never formally granted Husband's requested Bill of Review but actually ended up dismissing the bill and reinstating the divorce proceeding by vacating the Agreed Final Decree in its entirety.

[8]Wife articulated this point more succinctly in a pleading she filed the same day as the May 31, 2024 hearing: "The [trial court] did not address, let alone find, the three elements necessary to grant a bill of review . . . . The substance of the [trial c]ourt's ruling was that the [trial c]ourt did not have jurisdiction over the real property in Canada."

8

relitigated as it is back to an active case." Husband's attorney then tried to argue Husband's position further before the trial court interjected and said that "the result is that you get what you want, [Wife's attorney] gets what he wants as far as language[,] and we live to resolve the issue on another day." Thereafter, the trial court signed the order declaring the Agreed Final Decree void for lack of jurisdiction and dismissing the bill of review.

It is clear from this record that the trial court intended to grant Husband the relief he sought—setting aside the Agreed Final Decree—even though it did not grant his Bill of Review. Importantly, Wife has not challenged the trial court's dismissal of Husband's bill of review petition, and neither Husband nor Wife has appealed the trial court's order. Because the merits of the bill-of-review petition are not before us, the issues we must decide are (1) whether the trial court clearly abused its discretion by declaring the Agreed Final Decree of Divorce void in its entirety and (2) if so, then whether Wife has no adequate remedy by appeal. *See Allstate*, 622 S.W.3d at 875.

### 2. Law on Jurisdiction

"Jurisdiction" refers to a court's authority to adjudicate a case. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). Whether a court has jurisdiction is a question of law, which we review de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). "In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void." *Reiss*, 118 S.W.3d at 443.

Errors other than lack of jurisdiction merely render the judgment voidable so that it may be "corrected through the ordinary appellate process or other proper proceedings." *Id.* (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding)).

"A claim that a judgment is void because the trial court lacks jurisdictional power to render it constitutes a collateral attack on the underlying judgment." *Ferrice v. Legacy Ins. Agency, Inc.*, No. 2-05-363-CV, 2006 WL 1714535, at *2 (Tex. App.—Fort Worth June 22, 2006, pet. denied) (mem. op.). A void judgment, unlike a voidable judgment, "can be collaterally attacked at any time." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). As with other final, unappealed judgments that are regular on their face, divorce decrees and judgments are not ordinarily vulnerable to collateral attack. *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009). Collateral attacks on final judgments are generally impermissible because "it is the policy of the law to give finality to the judgments of the courts." *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (quoting *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005)). Such attacks are disfavored because they "run[] counter to [our] strong policy of finality" by "attempt[ing] to bypass the appellate process in challenging the integrity of a judgment." *Id.* (quoting *Browning*, 165 S.W.3d at 346). Accordingly, and although courts are empowered to note potential jurisdictional defects sua sponte, *Rattray v. City of Brownsville*, 662 S.W.3d 860, 869 (Tex. 2023), when a party challenges a judgment as void, "the first inquiry should necessarily be whether the alleged defect renders the

judgment void or merely voidable." *PNS*, 379 S.W.3d at 272 n.8.

In this case, the trial court ruled that, at the time of the divorce, it lacked jurisdiction over the couple's Canadian properties, and therefore, the entire Decree was void, including its divorce and child custody provisions. But even if the trial court was correct that it did not have in rem jurisdiction to adjudicate title to the Canadian properties, the Decree is not void; a court has jurisdiction to characterize property as part of its "just and right" division of the estate, *see* Tex. Fam. Code Ann. § 7.001, "even if it does so incorrectly," *Reiss*, 118 S.W.3d at 443 (citing *Hesser v. Hesser*, 842 S.W.2d 759, 764 (Tex. App.—Houston [1st Dist.] 1992, writ denied)). Further, "it is well settled in this state that a judgment may be void in part and valid in part provided the valid portion is not so dependent on the invalid as to fall with it." *Kubena v. Hatch*, 193 S.W.2d 175, 177 (Tex. 1946); *see also* Tex. Fam. Code Ann. § 6.308(a) ("A court in which a suit for dissolution of a marriage is filed may exercise its jurisdiction over those portions of the suit for which it has authority."); *Dawson-Austin v. Austin*, 968 S.W.2d 319, 324–25 (Tex. 1998) (explaining that a court can have jurisdiction over separate aspects of divorce proceedings); *Blaylock v. Riser*, 354 S.W.2d 134, 137 (Tex. 1962) ("A judgment may be void as to a severable portion over which the court has no jurisdiction and valid as to the portion remaining over which it does have jurisdiction."); *Cage v. Cage*, 209 S.W.2d 626, 628 (Tex. App.—San Antonio 1948, writ ref'd n.r.e.) (rejecting argument that void paragraph in divorce decree rendered entire

decree void). Hence, the trial court's setting aside the entire Agreed Final Decree as void was a clear error of law.

If the property division—or even a portion of it—in the decree was invalid, then it was severable from the remainder of the decree. Courts—including this court—have reversed void portions of judgments, including void property divisions in divorce decrees, while leaving the remaining portions of the judgments intact. *See Gibson v. Gibson*, 190 S.W.3d 821, 823 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g); *see also Reagan Nat'l Advert. of Austin, LLC v. Leary*, No. 03-23-00324-CV, 2024 WL 4867282, at *1 n.1, *4 (Tex. App.—Austin Nov. 22, 2024, no pet. h.) (mem. op.) (reversing a partition judgment to the extent it made findings and granted relief against a party over whom the trial court lacked personal jurisdiction and leaving "undisturbed" the findings and orders in the partition judgment that did not affect the unserved party); *Ex parte Perry*, No. 04-14-00567-CV, 2014 WL 4347740, at *5 (Tex. App.—San Antonio Sept. 3, 2014, no pet.) (mem. op.) (orig. proceeding) (striking void provision from commitment order while concluding that order was "otherwise valid in every respect").

Neither party disputes that the trial court had subject-matter jurisdiction over the divorce and custody aspects of this case when it rendered the Agreed Final Decree, and although Husband now contends that the trial court lacked personal

jurisdiction over him,[9] the Agreed Final Decree that he signed recited that he "made a general appearance and ha[d] agreed to the terms of th[e] judgment to the extent permitted by law." *See* Tex. R. Civ. P. 120a(1) ("Every appearance, prior to judgment, not in compliance with this rule is a general appearance."); *Arnold v. Price*, 365 S.W.3d 455, 458 (Tex. App.—Fort Worth 2011, no pet.) ("[A] nonresident defendant will be subject to personal jurisdiction in Texas courts if the defendant enters a general appearance."). The trial court, after receiving evidence, found that it had "jurisdiction of this case and of all the parties." Indeed, by vacating the Decree in its entirety and reinstating the original adversarial proceeding, the trial court implicitly found that it maintained both subject-matter jurisdiction over the divorce and custody issues and personal jurisdiction over the parties.

Husband testified at the prima facie hearing on his bill of review that he was served with process in Texas in November 2022, although he denied reading either Wife's divorce petition or the citation with which he was served. Personal jurisdiction can be conferred by consent or waiver. *See In re Pixler*, 584 S.W.3d 79, 84 (Tex. App.—Fort Worth 2018, orig. proceeding). A party waives a challenge to personal jurisdiction "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or

---

[9]Both Wife in her petition and Husband in his response have extensively briefed the issue of whether the trial court had personal jurisdiction over Husband in the original divorce action, even though Husband did not seek to set aside the Agreed Final Decree on this basis in his Petition for Bill of Review.

(3) seeks affirmative action from the court." *Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024) (quoting *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004)). Here, Husband did all three of these things with respect to the Agreed Final Decree when he filed his Petition for Bill of Review in the trial court, directly attacking the Decree but not asserting any jurisdictional defects. In that petition, Husband requested relief inconsistent with his present contention that the trial court lacked personal jurisdiction over him. He has therefore waived any challenge to the trial court's exercise of personal jurisdiction.

The trial court had subject-matter jurisdiction to render the Agreed Final Decree, and the record does not affirmatively show a lack of personal jurisdiction. We hold that the trial court clearly abused its discretion by declaring the entirety of the Agreed Final Decree void for lack of jurisdiction. *See PNS*, 379 S.W.3d at 275 (holding that defendant against whom default judgment was taken could not collaterally attack judgment where trial court had jurisdiction over subject matter of plaintiff's claims and "technical defects in service at best render[ed] default judgment voidable, not void"); *In re A.B.*, 207 S.W.3d 434, 439–40 (Tex. App.—Dallas 2006, no pet.) (reversing trial court's sua sponte order dismissing child-support enforcement suit after determining it did not have personal jurisdiction over father in original divorce).

### 3. Inadequate Remedy by Appeal

An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Prudential*, 148 S.W.3d at 136. But even when the

benefits of mandamus review outweigh the detriments, we must consider whether the appellate remedy is nonetheless adequate. *Id.* "In cases involving child custody, '[j]ustice demands a speedy resolution,' and we have acknowledged that appeal is 'frequently inadequate to protect the rights of parents and children.'" *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d 637, 645 (Tex. 2009) (orig. proceeding) (quoting *In re Tex. Dep't of Fam. & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding) (op. on reh'g)).

Here, the trial court's action directly threatened disruption of the child-custody provisions of the original decree and significantly delayed action on Wife's modification proceeding, which she was entitled by statute to bring if she met the statutory requisites. Tex. Fam. Code Ann. §§ 156.001–.002, .101; *see also id.* § 156.006 (prohibiting courts from rendering any temporary order affecting certain conservatorship rights under final order "[w]hile a suit for modification is pending" unless certain conditions are met). By declaring the whole Agreed Final Decree void, the trial court undid Husband and Wife's entire divorce, including the property division and provisions for conservatorship and possession of—and support for—the couple's children. The parties have been living their lives and operating under the Agreed Final Decree for nearly two years now, and we have no idea the extent to which the lives of their minor child[10] would be upended if Husband and Wife had to suddenly resume their marriage, with all the accompanying legal implications and

---

[10]According to the record, one of the couple's two children is now an adult.

15

ramifications, until such time as the trial court enters a new final divorce decree.

After balancing the benefits and the detriments, we conclude that Wife does not have an adequate remedy by appeal. *See In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *see also Prudential*, 148 S.W.3d at 136. We sustain her issue.

### III. CONCLUSION

We conditionally grant Wife's petition in part and direct the trial court to vacate only that portion of its Order Declaring Agreed Final Decree of Divorce Void that sets aside the Agreed Final Decree.[11] Because we are confident that the trial court will comply with this directive, the writ will issue only if the trial court fails to do so. Upon

---

[11]No error has been raised or shown regarding the portion of the trial court's order dismissing Husband's Bill of Review, so the trial court need not vacate that portion. After the trial court vacates the erroneous portion of its order, it can clarify the property division in the Agreed Final Decree. *See* Tex. Fam. Code Ann. § 9.008(b); *Johnson v. Ventling*, 132 S.W.3d 173, 178 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) ("After expiration of its plenary jurisdiction, a trial court retains its inherent power to clarify or enforce a divorce decree."). Because the trial court had jurisdiction of all the parties to this case, the issue of whether the trial court had the authority to include the Canadian properties in its property division turns on whether the trial court intended to adjudicate title to the properties or merely order a conveyance of one spouse's interest in the properties. *See Holt v. Guerguin*, 163 S.W. 10, 12 (Tex. 1914) (opining that, "so far as the decree in this case sets aside and annuls the deed to the land in the Republic of Mexico, it is void, because the district court had not jurisdiction of the subject-matter; the court of Texas could not acquire jurisdiction of land beyond its borders"); *Brook v. Moreland*, 32 Tex. 380, 383–84 (1869) ("The proper forum to adjudicate upon the validity of the title to the land situate in [another] state . . . would be the courts of that state, where the grantor resides."); *Dankowski v. Dankowski*, 922 S.W.2d 298, 303 (Tex. App.—Fort Worth 1996, writ denied) ("There is ample authority for the proposition that a trial court may require parties over whom it has *in personam* jurisdiction to execute a conveyance of real estate located in another state.").

the trial court's vacatur in compliance with this court's opinion and judgment, our November 8, 2024 stay of the trial court's order will be automatically dissolved as moot without further order of our court.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: January 22, 2025